JH

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**RECEIVED**

LCW

APR -3 2017

4-3-17

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Vendetta N. CeCe-Jackowiak a/k/a; d/b/a

Noel A. Kapetanakos of the State of Illinois

Vendetta Velocity Vengeance Corporation
(Enter above the full name
of the plaintiff or plaintiffs in
this action)

17 CV 2671
JUDGE LEFKOW
MAGISTRATE JUDGE SCHENKIER

vs.

Wells Fargo Bank, National Association

a/k/a; d/b/a Wells Fargo & Company

a/k/a; d/b/a Wells Fargo Corporation

a/k/a; d/b/a Wells Fargo Advisors for

Community, Corporate, Retail, Consumer,

Wholesale, Mortgage Banking and Financial Services Holdings
(Enter above the full name of ALL
defendants in this action.  Do not
use "et al.")

**CHECK ONE ONLY:**          **AMENDED COMPLAINT**

_____  **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
U.S. Code (state, county, or municipal defendants)

✓  **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

_____  **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I.  **Plaintiff(s):**

A.  Name:  Vendetta N. CeCe-Jackowiak a/k/a; d/b/a Noel A. Kapetanakos

B.  List all aliases:  Noel A. Abu-Sharar and Noel A. Galloway

C.  Prisoner identification number:  20160314220, 20161021178, and 20161230193

D.  Place of present confinement:  Cook County Illinois Department of Corrections
    2700 South California Avenue; Chicago, Illinois 60608

E.  Address:  P. O. Box 089002; Chicago, Illinois 60608

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.  **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.  Defendant:  Wells Fargo Bank, National Association

    Title:  Banking & Financial Services

    Place of Employment:  101 North Phillips Avenue; One Wachovia Center
    Sioux Falls, South Dakota 57104

B.  Defendant:  Wells Fargo Corporation

    Title:  Bank, ATM, and Crocker - Services & Information
    1 Montgomery Street

    Place of Employment:  San Francisco, California 94104

C.  Defendant:  Wells Fargo Advisors

    Title:  Corporate and Investment Banking
    One North Jefferson

    Place of Employment:  Saint Louis, Missouri 63103

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2                                                          Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**III.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: _Noel A. Abu-Sharar v. Salam M. Abu-Sharar case number 2004D002038_

B. Approximate date of filing lawsuit: _February 26th, 2004_

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
_Noel A. Abu-Sharar and Noel A. Galloway_

D. List all defendants: _Salam Majeed Abu-Sharar_

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _First Municipal District Circuit Court of Cook County Illinois_

F. Name of judge to whom case was assigned: _Judge Marya Nega and Judge Moshe Jacobius_

G. Basic claim made: _Dissolution of Marriage for Abandonment_

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _Judgment was Entered_

I. Approximate date of disposition: _Judgment Entered On April 12th, 2004_

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III.    List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A.    Name of case and docket number:  Noel A. Kapetanakos v. Konstantinos P. Kapetanakos case number 2004D012207

B.    Approximate date of filing lawsuit:  November 23rd, 2004

C.    List all plaintiffs (if you had co-plaintiffs), including any aliases:  Noel A. Abu-Sharar and Noel Galloway

D.    List all defendants:  Konstantinos P. Kapetanakos and Dino P. Kapetanakos

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county):  First Municipal District Circuit Court of Cook County Illinois

F.    Name of judge to whom case was assigned:  Judge Moshe Jacobius and Judge Carol K. Bellows

G.    Basic claim made:  Dissolution of Marriage for Physical, Sexual, and Mental Abuse

H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?):  Assigned To Judge In Division

I.    Approximate date of disposition: Assigned To Judge In Division On January 26th, 2012

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III.  **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.  Name of case and docket number: Noel A. Kapetanakos v. Konstantinos P. Kapetanakos case number DADA012450; Appeal case number 12-1819

B.  Approximate date of filing lawsuit: August 8th, 2011

C.  List all plaintiffs (if you had co-plaintiffs), including any aliases: _____ Noel A. Abu-Sharar and Noel A. Galloway

D.  List all defendants: Konstantinos P. Kapetanakos and Dino P. Kapetanakos

E.  Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Scott County Seventh Judicial District Court of Davenport Iowa

F.  Name of judge to whom case was assigned: Judge Paul L. Macek, Judge John T. Telleen, Judge Nancy S. Tabor, and Judge J. Hobart Darbyshire

G.  Basic claim made: Domestic Abuse

H.  Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Permanent Temporary Iowa Order of Protection Judgment was entered

I.  Approximate date of disposition: Judgment Entered On September 7th, 2011

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**III.** List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: Noel A. Kapetanakos v. Joseph Spellone et al. case number 1:11-cv-08805; Appeal case number 13-3528

B. Approximate date of filing lawsuit: December 12, 2011

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Noel A. Kapetanakos, Noel A. Abu-Sharar, and Noel A. Galloway

D. List all defendants: Joseph Spellone (Spallone), Carol Dougherty, Konstantinos P. Kapetanakos and Gregory P. Kapetanakos

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Northern District of Illinois Eastern Division

F. Name of judge to whom case was assigned: Judge Elaine E. Bucklo and the Chief Judge Ruben Castillo

G. Basic claim made: Civil Rights Act Complaint Under Title 42 U.S.C. § 1983

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismissed

I. Approximate date of disposition: Dismissal Entered In September 2013

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: Wells Fargo Bank, N.A. v. Konstantinos P. Kapetanakos and Noel A. Kapetanakos case number 1:12-cv-09796

B. Approximate date of filing lawsuit: December 17th, 2012

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Noel A. Kapetanakos, Noel A. Abu-Sharar, Noel A. Galloway, and Wells Fargo Bank, N.A

D. List all defendants: Konstantinos P. Kapetanakos and Dino P. Kapetanakos

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Northern District of Illinois Eastern Division

F. Name of judge to whom case was assigned: Judge Elaine E. Bucklo and Judge Sidney I. Schenkier

G. Basic claim made: Civil Rights Violation To Noel A. Kapetanakos' Property Rights Complaint

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Remanded Case Back To The First Municipal District Circuit Court of Cook County Illinois

I. Approximate date of disposition: Remand Court Order Entered On January 10th, 2013

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III.    **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.    Name of case and docket number: <u>Konstantinos P. Kapetanakos v. Noel A. Kapetanakos</u> <u>case number 1:12-cv-09798</u>

B.    Approximate date of filing lawsuit: <u>December 19th, 2012</u>

C.    List all plaintiffs (if you had co-plaintiffs), including any aliases: _____ <u>Noel A. Kapetanakos, Noel A. Abu-Sharar, and Noel A. Galloway</u>

D.    List all defendants: <u>Konstantinos P. Kapetanakos and Dino P. Kapetanakos</u>

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): <u>Northern District of Illinois Eastern Divison</u>

F.    Name of judge to whom case was assigned: <u>Judge John F. Grady, Judge Arlander Keys,</u> <u>Judge John A. Nordberg, Judge James A. Holderman, and Judge Rebecca R. Pallmeyer</u>

G.    Basic claim made: <u>Civil Rights Violations Complaint Committed By Judge</u> <u>LaQuietta Hardy-Campbell</u>

H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): <u>Remanded To The First Municipal District Circuit Court</u> <u>of Cook County Illinois</u>

I.    Approximate date of disposition: <u>Remand Order Entered On January 17th, 2013</u>

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**III.** List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: Steven F. Gagliano and Vendetta N. CeCe-Jackowiak v. Konstantinos P. Kapetanakos, Gregory P. Kapetanakos and Joseph Spellone case number 2014L063016

B. Approximate date of filing lawsuit: March 31st, 2014

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Steven Francis Gagliano, Vendetta N. CeCe-Jackowiak a/k/a; d/b/a Noel A. Kapetanakos Noel A. Abu-Sharar and Noel A. Galloway

D. List all defendants: Konstantinos P. Kapetanakos, Dino P. Kapetanakos, Gregory P. Kapetanakos, Grigoris P. Kapetanakos, Joseph Spellone (Spallone)

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Third Municipal District Circuit Court of Cook County Illinois

F. Name of judge to whom case was assigned: Judge Martin S. Agran

G. Basic claim made: Defamation Slander and Libel Complaint

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismissed

I. Approximate date of disposition: Judgment Entered On September 24th, 2014

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**III.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: Noel A. Kapetanakos v. Vendetta N. CeCe-Jackowiak case number 2013-M3-002329

B. Approximate date of filing lawsuit: August 6th, 2013

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Vendetta N. CeCe-Jackowiak, Noel A. Kapetanakos, Noel A. Abu-Sharar, and Noel A. Galloway

D. List all defendants: Vendetta N. CeCe-Jackowiak, Noel A. Kapetanakos, Noel A. Abu-Sharar, and Noel A. Galloway

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Third Municipal District Circuit Court of Cook County Illinois

F. Name of judge to whom case was assigned: Judge Thomas D. Roti

G. Basic claim made: Change of Name

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Change of Name Judgment Entered

I. Approximate date of disposition: Judgment Entered On November 5th, 2013

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.] Page 8 of 27

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: Noel A. Kapetanakos v. Joseph Spellone (Spallone) case number 2013OP030406

B. Approximate date of filing lawsuit: August 8th, 2013

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Noel A. Kapetanakos, Noel A. Abu-Sharar and Noel A. Galloway

D. List all defendants: Joseph Spellone (Spallone)

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Third Municipal District Circuit Court of Cook County Illinois

F. Name of judge to whom case was assigned: Judge Joel L. Greenblatt

G. Basic claim made: Threats, Stalking, Intimidation and Harassment Complaint

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismissed

I. Approximate date of disposition: Dismissal Entered Approximately August To September 2013

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: Noel A. Kapetanakos v. Carol Dougherty
   case number 2013OP030404

B. Approximate date of filing lawsuit: August 8th, 2013

C. List all plaintiffs (if you had co-plaintiffs), including any aliases:
   Noel A. Kapetanakos, Noel A. Abu-Sharar and Noel A. Galloway

D. List all defendants: Carol Dougherty

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Third Municipal District Circuit Court of Cook County Illinois

F. Name of judge to whom case was assigned: Judge Joel L. Greenblatt

G. Basic claim made: Threats, Stalking, Intimidation and Harassment Complaint

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismissed

I. Approximate date of disposition: Dismissal Entered Approximately August To September 2013

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**III.** List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: Noel A. Kapetanakos v. David Del Cerro case number 2013OP030405

B. Approximate date of filing lawsuit: August 8th, 2013

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Noel A. Kapetanakos, Noel A. Abu-Sharar, and Noel A. Galloway

D. List all defendants: David Del Cerro

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Third Municipal District Circuit Court of Cook County Illinois

F. Name of judge to whom case was assigned: Judge Joel L. Greenblatt

G. Basic claim made: Threats, Stalking, Intimidation and Harassment Complaint

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismissed

I. Approximate date of disposition: Dismissal Entered Approximately August To September 2013

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: Vendetta N. CeCe-Jackowiak v. Catherine Wilson and Marty Miller case number 3:14-cv-00100; Appeal case number 15-1040

B. Approximate date of filing lawsuit: In Approximately August to September 2014

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____ Vendetta N. CeCe-Jackowiak a/k/a; d/b/a Noel A. Kapetanakos Noel a. Abu-Sharar and Noel A. Galloway

D. List all defendants: Cartherine Wilson, Marty Miller and University of Iowa

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): U.S. District Court For The Southern District of Iowa

F. Name of judge to whom case was assigned: Judge John A. Jarvey

G. Basic claim made: UnFair Debt Collection Practices Act Complaint

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismissed

I. Approximate date of disposition: Dismissal Entered On June 22nd, 2015

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: Vendetta N. CeCe-Jackowiak v. Konstantinos P. Kapetanakos, Gregory P. Kapetanakos, and Vickie L. Pasley case number 2014M2001905 Appeal case number 15-1148

B. Approximate date of filing lawsuit: September 16th, 2014

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
Vendetta N. CeCe-Jackowiak a/k/a: d/b/a Noel A. Kapetanakos,
Noel A. Abu-Sharar, and Noel A. Galloway
_____

D. List all defendants: Konstantinos P. Kapetanakos, Dino P. Kapetanakos,
Gregory P. Kapetanakos, Grigoris P. Kapetanakos, Vickie L. Pasley
_____
_____

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Second Municipal District Circuit Court of Cook County Illinois

F. Name of judge to whom case was assigned: Judge William R. Jackson , Jr.,
Judge Jeffrey L. Warnick, Judge Roger G. Fein and Judge Thaddeus S. Machnik

G. Basic claim made: Criminal Property Damages
_____
_____

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismissed
_____
_____

I. Approximate date of disposition: Dismissal Entered March 20th, 2015

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**III.** List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: Vendetta N. CeCe-Jackowiak v. Konstantinos P. Kapetanakos case number 2014M2001941, Appeal case number 15-1199

B. Approximate date of filing lawsuit: September 18th, 2014

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
Vendetta N. CeCe-Jackowiak a/k/a: d/b/a Noel A. Kapetanakos,
Noel A. Abu-Sharar and Noel A. Galloway

D. List all defendants: Konstantinos P. Kapetanakos and Dino P. Kapetanakos

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Second Municipal District Circuit Court of Cook County Illinois

F. Name of judge to whom case was assigned: Judge William R. Jackson, Jr., Judge Jeffrey L. Warnick, Judge Roger G. Fein and Judge Thaddeus S. Machnik

G. Basic claim made: Statutory Action: Identity Theft and Fraud

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismissed

I. Approximate date of disposition: Dismissal Judgment Entered On March 20th, 2015

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III.   **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.   Name of case and docket number: _Vendetta CeCe-Jackowiak v. Noah Praetz_ case number 2014M1148061, Appeal case number 15-1621

B.   Approximate date of filing lawsuit: _November 5th, 2014_

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
_Vendetta N. CeCe-Jackowiak a/k/a; d/b/a Noel A. Kapetanakos,_
_Noel A. Abu-Sharar and Noel A. Galloway_

D.   List all defendants: _Noah Praetz and Cook County Department of Corrections_

E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _First Municipal District Circuit Court of Cook County Illinois_

F.   Name of judge to whom case was assigned: _Judge Isreal Abaya Desierto, Judge Abbey Fishman Romanek, and Judge James R. Carroll_

G.   Basic claim made: _Fraud Complaint and Employment Discrimination_

H.   Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _Dismissed_

I.   Approximate date of disposition: _Dismissal Entered On March 11th, 2015_

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.] Page 15 of 27

*[If you need additional space for ANY section, please attach an additional sheet and reference that section.]*

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.  Name of case and docket number: Vendetta CeCe-Jackowiak v. Jeffrey Bloom et al. case number 2014L063061, Appeal case number 15-2574

B.  Approximate date of filing lawsuit: November 17th, 2014

C.  List all plaintiffs (if you had co-plaintiffs), including any aliases: Vendetta N. CeCe-Jackowiak a/k/a; d/b/a Noel A. Kapetanakos Noel A. Abu-Sharar and Noel A. Kapetanakos

D.  List all defendants: Jeffrey Bloom and Mark Bloom

E.  Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Third Municipal District Circuit Court of Cook County Illinois

F.  Name of judge to whom case was assigned: Judge Thomas D. Roti

G.  Basic claim made: Intentional Tort: Interference With Business Relationship With Driven Brands: Meineke Corporation

H.  Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismissed

I.  Approximate date of disposition: Dismissal Entered On August 21st, 2015

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III.    List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A.   Name of case and docket number: Vendetta N. CeCe-Jackowiak v. Loren Hannenberg et al. case number 1:14-cv-10414, Appeal case number 15-1600

B.   Approximate date of filing lawsuit: December 22nd, 2014

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases: Vendetta N. CeCe-Jackowiak a/k/a; d/b/a Noel A. Kapetanakos Noel A. Abu-Sharar and Noel A. Galloway

D.   List all defendants: Loren Hannenberg and Tyco Integrated Security Systems

E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Northern District of Illinois Eastern Division

F.   Name of judge to whom case was assigned: Judge Thomas M Durkin

G.   Basic claim made: Insider Trading Complaint

H.   Disposition of this case (for example: Was the case dismissed? Was it appealed? is it still pending?): Dismissed

I.   Approximate date of disposition: Dismissal Entered On February 18th, 2015

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**III.** List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

    **A.** Name of case and docket number: <u>Vendetta N. CeCe-Jackowiak v. Konstantinos P. Kapetanakos et al. case number 1:15-cv-00354, Appeal case number 15-1603</u>

    **B.** Approximate date of filing lawsuit: <u>January 20th, 2015</u>

    **C.** List all plaintiffs (if you had co-plaintiffs), including any aliases: <u>Vendetta N. CeCe-Jackowiak a/k/a; d/b/a Noel A. Kapetanakos Noel A. Abu-Sharar and Noel A. Galloway</u>

    **D.** List all defendants: <u>Konstantinos P. Kapetanakos, Dino P. Kapetanakos, Gregory P. Kapetanakos, Grigoris P. Kapetanakos, Joseph Spellone (Spallone), City of Des Plaines, Illinois, Hiram Grau and Carol Dougherty</u>

    **E.** Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): <u>Northern District of Illinois Eastern Division</u>

    **F.** Name of judge to whom case was assigned: <u>Judge Milton I. Shadur</u>

    **G.** Basic claim made: <u>Property Rights Infringement Complaint</u>

    **H.** Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): <u>Dismissed</u>

    **I.** Approximate date of disposition: <u>Dismissal Entered On April 27th, 2015</u>

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III.     **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.     Name of case and docket number: Vendetta N. CeCe-Jackowiak v. Joseph Spellone (Spallone) d/b/a City of Des Plaines Illinois case number 2015L062036, Appeal case number 15-2622

B.     Approximate date of filing lawsuit: August 17th, 2015

C.     List all plaintiffs (if you had co-plaintiffs), including any aliases: Vendetta N. CeCe-Jackowiak a/k/a: d/b/a Noel A. Kapetanakos Noel A. Abu-Sharar and Noel A. Galloway

D.     List all defendants: Joseph Spellone (Spallone) d/b/a City of Des Plaines Illinois

E.     Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Second Municipal District Circuit Circuit and Cook County Illinois

F.     Name of judge to whom case was assigned: Judge Roger G. Fein

G.     Basic claim made: Defamation Pursuant To Libel & Slander

H.     Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismissed

I.     Approximate date of disposition: Dismissal Entered On August 18th, 2015

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: Vendetta CeCe-Jackowiak v. Kay E. Halle and Craig Bizar case number 2015M1113266, Appeal case number 15-3420

B. Approximate date of filing lawsuit: June 18th, 2015

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Vendetta N. CeCe-Jackowiak a/k/a: d/b/a Noel A. Kapetanakos Noel A. Abu-Sharar and Noel A. Galloway

D. List all defendants: Craig Bizar, Kay E. Halle, Kay E. Kapetanakos

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): First Municipal District Circuit Court of Cook County Illinois

F. Name of judge to whom case was assigned: Judge Timothy P. Murphy, Judge James E. Synder , Judge Sheryl A. Pethers, and Judge Jerry A. Esrig

G. Basic claim made: Interference With Judicial Procedure

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____

I. Approximate date of disposition: Dismissal Entered On November 24th, 2015

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III.  **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.  Name of case and docket number: Vendetta N. CeCe-Jackowiak v. Catherine Wilcox Marty Miller case number 3:15-cv-00134-JAJ-RAW

B.  Approximate date of filing lawsuit:  In Approximately June to July 2015

C.  List all plaintiffs (if you had co-plaintiffs), including any aliases: Vendetta N. CeCe-Jackowiak a/k/a; d/b/a Noel A. Kapetanakos Noel A. Abu-Sharar and Noel A. Galloway

D.  List all defendants:  Catherine Wilcox, Marty Miller, and University of Iowa

E.  Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): U.S. District Court For The Southern District of Iowa

F.  Name of judge to whom case was assigned: Judge John A. Jarvey and Judge Ross A. Walters

G.  Basic claim made: Aggrevated Identity Theft Causing Interference With Business Relationships & Tax Controversy Complaint

H.  Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?):  Dismissed

I.  Approximate date of disposition: Dismissal Entered On January 13th, 2016

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: Vendetta N. CeCe-Jackowiak v. Pierce & Associates and Wells Fargo bank, N.A. case number 2015063053, Appeal case number 15-3419

B. Approximate date of filing lawsuit: July 14th, 2015

C. List all plaintiffs (if you had co-plaintiffs), including any aliases:
Vendetta N. CeCe-Jackowiak a/k/a; d/b/a Noel A. Kapetanakos
Noel A. Abu-Sharar and Noel A. Galloway

D. List all defendants: Pierce & Associates PC n/k/a McCalla, Raymer Pierce LLC, and Wells Fargo Bank, N.A.

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Third Municipal District Circuit Court of Cook County Illinois

F. Name of judge to whom case was assigned: Judge Thomas D. Roti and Judge Martin C. Kelly

G. Basic claim made: Intentional Tort: Interference With Judicial Procedure And Property Rights

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismissed

I. Approximate date of disposition: Dismissal Entered On November 20th, 2015

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III.     List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A.     Name of case and docket number: Vendetta N. CeCe-Jackowiak v. Lou (Luis) Meza and Lou Meza & Associates case number 2015L063051, Appeal case Number 16-0395

B.     Approximate date of filing lawsuit: July 10th, 2015

C.     List all plaintiffs (if you had co-plaintiffs), including any aliases: Vendetta N. CeCe-Jackowiak a/k/a; d/b/a Noel A. Kapetanakos Noel A. Abu-Sharar and Noel A. Galloway

D.     List all defendants: Lou (Luis) Meza and Lous Meza & Associated PC

E.     Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Third Municipal District Circuit Court of Cook County Illinois

F.     Name of judge to whom case was assigned: Judge Thomas D. Roti

G.     Basic claim made: Intentional Tort: Interference With Judicial Procedure And Parental Rights

H.     Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismissed

I.     Approximate date of disposition: Dismissal Entered On February 1st, 2016

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: Vendetta N. CeCe-Jackowiak v. Carolina Migliore case number 2015OP030413

B. Approximate date of filing lawsuit: July 10th, 2015

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Vendetta N. CeCe-Jackowiak a/k/a; d/b/a Noel A. Kapetanakos, Noel A. Abu-Sharar and Noel A. Galloway

D. List all defendants: Carolina Migliore

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Third Municipal District Circuit Court of Cook County Illinois

F. Name of judge to whom case was assigned: Judge Joel L. Greenblatt and Judge Samuel J. Betar, III

G. Basic claim made: Videotaped & Recorded Threats of Harm & Possible Murder, Hate Crime Complaint With The Court Demand For Restraining Order

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Judgment Entered

I. Approximate date of disposition: Judgment Entered On September 14th, 2015

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: Vendetta N. CeCe-Jackowiak v. Vickie L. Pasley and Vickie L. Pasley & Associates case number 2015L063049. Appeal case number 15-2621

B. Approximate date of filing lawsuit: July 1st, 2015

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Vendetta N. CeCe-Jackowiak a/k/a: d/b/a Noel A. Kapetanakos Noel A. Abu-Sharar and Noel A. Galloway

D. List all defendants: Vickie L. Pasley and Vickie L. Pasley & Associates

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Third Municipal District Circuit Court of Cook County Illinois

F. Name of judge to whom case was assigned: Judge Martib S. Agran

G. Basic claim made: International Tort: Interference With Judicial Procedure And Parental Rights

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismissed

I. Approximate date of disposition: Dismissal Entered On August 28th, 2015

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.] Page 25 of 27

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: Vendetta N. CeCe-Jackowiak v. Carolina Migliore case number 2015L063026, Appeal case number 16-0749

B. Approximate date of filing lawsuit: March 19th, 2015

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Vendetta N. CeCe-Jackowiak a/k/a: d/b/a Noel A. Kapetanakos Noel A. Abu-Sharar and Noel A. Galloway

D. List all defendants: Carolina Migliore

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Third Municipal District Circuit Court of Cook County Illinois

F. Name of judge to whom case was assigned: Judge Martin S. Agran

G. Basic claim made: Hate Crime and General Theft Complaint

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismissed

I. Approximate date of disposition: Dismissal Entered On February 26th, 2016

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: <u>Vendetta N. CeCe-Jackowiak v. Konstantinos P.</u>
<u>Kapetanakos case number 2016CH0014044</u>

B. Approximate date of filing lawsuit: <u>January 25th, 2016</u>

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
<u>Vendetta N. CeCe-Jackowiak a/k/a; d/b/a Noel A. Kapetanakos</u>
<u>Noel A. Abu-Sharar and Noel A. Kapetanakos</u>

D. List all defendants: <u>Konstantinos P. Kapetanakos and Dino P. Kapetanakos</u>

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): <u>First Municipal District Circuit Court of Cook County Illinois</u>

F. Name of judge to whom case was assigned: <u>Judge Moshe Jacobius,</u>
<u>Judge Anna Helen Demacopoulos and Judge Leroy K. Martin Jr.</u>

G. Basic claim made: <u>Injunction Complaint for Property Rights</u>

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): <u>Pending</u>

I. Approximate date of disposition: <u>Pending</u>

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## IV.    Statement of Claim:

State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including names, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

In July 2011, the Plaintiff, Noel A. Kapetanakos now known as ("n/k/a") Vendetta N. CeCe-Jacowiak had been married to her former spouse, Konstantinos P. Kapetanakos, a Department of Homeland Security ("DHS") Transportation Security Administration ("TSA") Behavior Detection Officer ("BDO"). After the Plaintiff made a report to the State of Illinois Department of Children And Family Services ("DCFS") against her said former spouse and his mother, Sophia Meimaroglou (Kapetanakos), for his mother's sexual abuse & molestation of the Plaintiff's eldest son, Anthony G. Kapetanakos (who was 6 years old at the time and is now 12 years old), the Plaintiff's former spouse filed for divorce; i.e. Dissolution of Marriage, on July 27th, 2011 in retaliation for reporting his mother to DCFS. Also in retaliation, the Plaintiff's former spouse committed bank fraud, frauds & swindles, frauds by a wire transaction to money laundering funds from the Plaintiff's parent company, Physmed Direct: Physicians Medicine Direct Holdings Business Bank Account within the Mount Prospect, Illinois J.P. Morgan Chase Manahattan Bank Branch by and through a coerced con-artistry bank robbery scheme that scammed the Plaintiff's former Chase Bank Business Banker, Tom Murray into assisting him in his wire transfer theft in the amount of $1,749.34 from the Physmed Direct Business Bank Account Ending in 7920 to the Plaintiff's former spouse's Wells Fargo Bank Mortgage Note Account Loan Number 0220004055 under the Plaintiff's former spouse's name, Konstantinos P. Kapetanakos with the redacted social security number ***-**-3195; for the former marital home property located at 37 East Thacker Street; Des Plaines, Illinois 60016. When Wells Fargo Bank was notified of the wire transfer criminal activity and the Plaintiff's

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

former spouse's filed Dissolution of Marriage, Wells Fargo Bank refused to return the funds to the Plaintiff;

whereby, the Defendants; i.e. Wells Fargo Bank's refusal to return the funds and open an investigation

caused Chase Bank open the Fraud investigation and to replace the stolen funds back to the Plaintiff's

Physmed Direct Business Bank Account. This incident, caused interference with the business relationship

between J.P. Morgan Chase Manhattan Bank and the State of Illinois Physmed Direct: Physicians' Medicine

Direct Holdings de facto corporation because the said business relationship began to breakdown from the

breach in trust caused from and by the criminal activity committed against the Plaintiff & the Plaintiff's

Business Bank Account, along with the fact that Wells Fargo Bank's refusal to cooperate with an investigation

caused the local authorities, the Mount Prospect Police Department and the Des Plaines Police Department

to refuse to generate a Police Report for the said criminal acts. During course of the 2011 Chicago Richard

Daley Center's First Municipal District Circuit Court of Cook County Illinois Domestic Relations Division's

Dissolution Marriage of Case between the Plaintiff's former spouse verses the Plaintiff, case 2011D007466,

the Plaintiff's former spouse claimed that he had taken the funds from the Plaintiff's Business Bank Account

to pay his mortgage note; yet, after the Plaintiff's former spouse stole the said funds, he abandoned making

any and all payments to & for his Wells Fargo Bank Mortgage Note for the said former marital property

by March 2012. In fact, on November 23rd, 2011, the former judge, Laquietta Hardy-Campbell entered

a court order instructing the Plaintiff's former spouse, Konstantinos P. Kapetanakos, to pay his Wells

Fargo Bank Mortgage Note for the marital property located at 37 East Thacker Street; Des Plaines, Illinois

60016 till further order of the court, after the Plaintiff's former spouse confessed to the said former judge

that he would not pay his mortgage note and would continue to live within the said property till Wells

Fargo Bank would have him evicted from the said property, deliberately inflicting a financial burden and.

purposely causing a FHA mortgage market loan investment loss. ████████████

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## STATEMENT OF THE CASE FACTS AND HISTORY

The Plaintiff made genuine attempts to move the Trial Court to grant her injunctive relief for and

punitive damages in the form of compensatory funds from the Defendants intentional interference

actions that deliberately set-out to injury the Plaintiff and the Plaintiff companies, referred as

the incorporated State of Illinois Vendetta Velocity Vengeance Corporation, whose real property interest,

the foreclosure property located at 37 East Thacker Street; Des Plaines, Illinois 60016 has been negatively

impacted by violations to the automatic stay for the foreclosure sale giving way to where recovery is

permitted for unforeseeable damages that resulted from the Defendants criminal interference

and states the following in support of the claim:

1.    As found within the Physmed Direct Chase Business Bank Account February 1st, 2011 to

February 28th, 2011 bank statement, Plaintiff made mortgage payments to Wells Fargo Bank

Home Mortgage through an auto-payment prior to Plaintiff former spouse filing for divorce

on July 27th, 2011.

2.    The week of July 27th, 2011, Plaintiff canceled the Physmed Direct Chase Business

Bank Account auto-payment mortgage payments to Wells Fargo Bank Home Mortgage through

communications to the Chase Bank Executive, Josephine Martinez of the Chase Bank Executives'

Corporate Headquarters Offices and the Chase Bank's Customer Claim Department; e.g. the commonly

known Fraud Department.

3.    On August 2nd, 2011, Plaintiff was contacted by the former 1st Vice President

District Manager, Dalton E. Rhodes of the Mount Prospect, Illinois Chase Bank location, who had

started the direct investigation on Plaintiff fraud inquiry regarding a pending ACH payment

of $1,749.34 from the Physmed Direct Chase Business Bank Account and the dispute ranging over

the separate joint personal Chase Bank account that the Plaintiff had shared with Plaintiff's former

spouse, Konstantinos P. Kapetanakos "Dino".

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

4.    Through further communications between Plaintiff and the former Chase Bank Executive

Rupal Patel, on August 2nd, 2011, Plaintiff confirmed with both Dalton E. Rhodes and Rupal Patel

to notate in the Chase Bank records Plaintiff's former spouse, Konstantinos P. Kapetanakos' "Dino's"

attempts to cover Dino's General Theft ██████████████ of Plaintiff's Physmed Direct

Chase Business Bank Account in the amount of $1,749.34, by and through Dino's act of closing

the Plaintiff's and Dino's former joint Chase Bank account, which Plaintiff demanded remain open

while the investigation was being conducted.

5.    By evening on August 2nd, 2011, Plaintiff emailed Mr. Dalton E. Rhodes, Ms. Rupal Patel

and Chase Bank Executive Kayvan Pakyari the following, "This evening when I attempted to login

onto my chase accounts (business and premier checking), for the first and only time I was unable to

log on. Since the creation of my business account and joint account, In the past, I have not had any

problems logging into my chase banking online because any failed login attempts would have triggered

me to call the Chase central Online Escalations Department (800-935-9935) immediately for a resolution

and complaint."

6.    By August 4th, 2011, Plaintiff reported in an email to Dalton E. Rhodes and the Chase

Bank Executive Luis Rojas the appalling alteration to Plaintiff's passwords for Plaintiff's Physmed

Direct Chase Bank Business Accounts from their original setting, which prevented the Plaintiff from

discussing the Plaintiff's Physmed Direct Chase Business Bank Accounts' concerns with the Chase

Bank's Central Escalations Department; wherein, Mr. Luis Rojas identified the error in communication

between Plaintiff and the Moline Chase Bank Personal Banker, Lena D. Smith, to be either "an

intentional mistake, or incompetency".

7.    On August 9th, 2011, Chase Bank's Customer Claim Department generated a correspondence

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

addressed to NOEL ALEXIS PHYSMED DIRECT of 37 EAST THACKER STREET; DES

PLAINES, IL 60016, which outlined the Chase Bank contested claim, "Research is complete on

your recent dispute... Research revealed that the transaction(s) was processed correctly or was

authorized..."

8.     On September 1st, 2011, Plaintiff contacted Plaintiff's friend and former

attorney, Frank CèCè, Jr. Esq. of the CèCè Law Offices to notify him of the Chase Bank Fraud

response and of the conversation Plaintiff had with Dalton E. Rhodes, who had confessed, "Tom

Murray did talk to Dino about your business account, and without getting into a conservation I

had with Tom a couple of weeks ago, I told him he was wrong and had no business talking to

Dino about your business account."

9.     On September 5, 2011, Plaintiff emailed her former attorney, Nancy C. Murphy of

Nancy C. Murphy & Associates to notify her of the conversation Plaintiff had with the

Chase Bank Executive Josephine Martinez about Dalton E. Rhodes' disclosure regarding Tom

Murray.

10.    On September 5, 2011, Plaintiff emailed WLS-TV ABC NEWS regarding the general

theft and fraud committed upon Plaintiff's Physmed Direct Chase Business Bank

Account since the Des Plaines, Illinois Police and the Mount Prospect, Illinois Police failed and

refused to make a police report documenting the theft committed.

11.    On November 23rd, 2011, formerly immune Honorable Judge LaQuietta Hardy-Campbell

entered a court order in Domestic Relations case number 2011D007466 ordering Plaintiff's

former spouse to "... continue to pay the mortgage of the marital residence 37 E. Thacker...

Des Plaines, Illinois each and every month until further order of the Court..."

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

12.   On February 27th, 2012, Wells Fargo Home Mortgage appears to have faxed the February 19th, 2012 dated GRACE PERIOD NOTICE to the Wells Fargo Bank, N.A. attorneys, Pierce & Associates, PC, who provided the said notice to Plaintiff within the Summary Judgment documents entered within Chancery Division case number 2012CH17891.

a.   Within the describe notice, Plaintiff's former spouse is labeled "Client Number 708…"; which in part notified him, "YOUR LOAN IS MORE THAN 30 DAYS PAST DUE… YOU HAVE A GRACE PERIOD OF 30 DAYS FROM THE DATE OF THIS NOTICE TO OBTAIN APPROVED HOUSING COUNSELING DURING THE GRACE PERIOD…"

13.   On July 10th, 2012, formerly immune Honorable Judge LaQuietta Hardy-Campbell entered a entered a court order in Domestic Relations case number 2011D007466 ordering Plaintiff in line labeled "…7). Respondent shall cease any communications with Wells Fargo, the mortgagor for the former marital residence…"

14.   On October 29th, 2013, Honorable Judge John H. Ehrlich entered a court order in Chancery Division case number 2012CH17891 from Attorney Craig Bizar's demands to have Plaintiff "barred from filing any further pleadings in this matter without leave of this Court"; the said court order was entered in Plaintiff's absence prior to the proper call time for the said matter, as urged by Attorney Bizar.

15.   On November 5th, 2013, Honorable Judge Thomas D. Roti entered a Name Change court judgment order in Civil Division case number 2013M3002329 after Plaintiff divulged to this Court the horrific Identity Theft and Fraud committed by Plaintiff's former spouse upon Plaintiff.

16.   On March 3rd, March 10th, and May 4th, 2014, it appears Attorney Craig Bizar notarized the Legal documents and a Statement By Grantor and Grantee for Plaintiff's former spouse's

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

fraudulent Quit Claim Deed to the Cook County Illinois Recorder of Deeds; even though the

Plaintiff filed a notarized Void & Estoppel to any Quit Claim Deed in regards to the 37 East

Thacker Street; Des Plaines, Illinois 60016 to the Chancery Division case 2012CH17891;

regardless of the Judge Debra Walker's preliminary final judgment demands for case number

2011D007466.

17.    On September 17th, 2014, Plaintiff emailed the State of Illinois Attorney General's

Public Access Office to investigate Plaintiff's reported Fraud and Identity Theft

committed in July and August 2011 from Chase Bank.

18.    On March 27th, 2015, Judge Regina A. Scannicchio entered two court orders in Domestic

Relations case number 2011D007466 ordering specific instructions for Plaintiff to

proceed forward within the said matter, in one order, Attorney Bizar who author the court orders

had made the written demand to have Plaintiff pay Plaintiff's former spouse's debt owed to Attorney

Bizar or be "remanded to the Sheriff of Cook County to serve five (5) months and thirty (30)

days as a sanction for being found in indirect civil contempt."

19.    In April 2015, the Plaintiff reported the First Municipal District Circuit Court of the

Cook County, Illinois Domestic Relations Division's Calendar 62 Case Number 2011D007466's

March 27th, 2015 court order to the U.S. Senator Mark Kirk's Office Staff, to the State of Illinois

Judicial Inquiry Board, to the Congressional General Assemble Congressmen & Congresswomen,

and to the Federal Bureau of Investigation.

20.    On April 15th, 2015, Honorable Judge Michael T. Mullen entered a Scheduling Order On

Contested Motion in Chancery Division case number 2012CH17891 scheduling the preparations

for the hearing date on June 18th, 2015; Attorney Craig Bizar failed to contest and / or address

Revised 9/2007

P a g e  7 of 16

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

the foreclosure matter on behalf of his client by the scheduled May 13th, 2015 date, Plaintiff

Appellant's former spouse.

21.     On April 28th, 2015, Attorney Craig Bizar filed a Notice and Motion with exhibits titled,

"MOTION FOR RULE TO SHOW CAUSE AND OTHER RELIEF" to case 2011D007466;

wherein, Plaintiff's former spouse by and through his attorney, Craig Bizar accused Plaintiff

of hiring an attorney in Greece to prosecute Plaintiff's former father-in-law for the Criminal Act

of Bigamy; wherein, Attorney Bizar demanded again Plaintiff "be remanded to the Cook County

Sheriff for incarceration of not more than Five (5) months and 30 days…", the said motion exhibited

Plaintiff's Docketing Statement from Plaintiff's Property Rights Complaint for Copyright

Infringement of the State of Illinois Vendetta Velocity Vengeance Corporation's Copyright and

Trademark Iconic Brand.

22.     On April 28th, 2015, Judge Scannicchio entered a court order in Domestic Relations Division

case number 2011D07466 setting hearing date on June 24th, 2015 to hear Plaintiff's pending Petition

For Order of Protection against Plaintiff's former spouse for numerous violations to court orders,

threats, and the said Identity Theft and Fraud, along with other criminal activities committed upon

Plaintiff.

23.     On May 11th, 2015, Judge Scannicchio entered a court order in Domestic Relations Division

case number 2011D07466 granted Plaintiff leave to file the Plaintiff's Motion To Consolidate case

number 2011D007466 & 2012CH17891.

24.     On May 19th, 2015, Attorney Craig Bizar mailed to the Plaintiff an unfiled Response

to Plaintiff's Emergency Petition for Order of Protection.

25.     On May 26th, 2015, Honorable Judge Irwin J. Solganik entered a court order in Law Division

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Consolidation Proceeding reviewing Plaintiff's Motion To Grant Leave For Entry Of A Consolidation

Order For Cases 2011D007466 & 2012CH17891; during the proceeding Attorney Craig Bizar opposed

the consolidation of the cases and Attorney Bizar ceased attempts to oppose the foreclosure Motion

for the Summary Judgment filed by Pierce & Associates attorneys representing Wells Fargo Bank, N.A.

a.      Despite Attorney Bizar's claimed contract with Plaintiff's former spouse to represent Plaintiff's

former spouse's best interests, from Attorney Bizar's adverse actions, Attorney Bizar does not appear to

representing the best interest of his client, Plaintiff's former spouse.

26.     On June 5, 2015, Judge Scannicchio entered a court order in Domestic Relations Division case

number 2011D07466 quashing Plaintiff's "Discovery Requests" (subpoenas) for the case matter, and

Plaintiff's former spouse by and through Attorney Bizar was granted leave to file his late response

to Plaintiff's Order of Protection Petition.

27.     On June 8th, 2015, Plaintiff filed a Motion To Grant Leave For Entry of Affidavit As

To Military Service.

28.     The morning of June 18th, 2015, Honorable Judge James P. Flannery, Jr. entered a court

"ORDER SETTING HEARING" scheduling a hearing date on July 31st, 2015 for reconsideration to

consolidation of cases 2011D007466 & 2012CH17891 in Law Division consolidation proceedings.

29.     The afternoon of the June 18th, 2015, Honorable Judge Michael T. Mullen entered a court order

in Chancery Division case number 2012CH17891 granting Wells Fargo Bank, N.A. by and through

Pierce & Associates attorney, William B. Kalbec, Esq. a Summary Judgment with subsequent documents

on June 17th, 2015 with what Attorney Kalbec claims within his September 4th, 2015 Affidavit to be a

clerical discrepancy date pursuant to State of Illinois Supreme Court Rule 191 requirements.

a.      Plaintiff attests the Plaintiff made Attorney Kalbec aware of the discrepancy date on the said

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Summary Judgment & subsequent documents entered by Honorable Judge Michael T. Mullen on

June 18th, 2015; wherein, Plaintiff-Appellant notified Attorney Kalbec of Pierce & Associates, that

Plaintiff would be filing this Litigation against PIERCE & ASSOCIATES for what appears to be

Attorney Kalbec's outlined violations to violate ███████████████████████████████████

Public Corruption Profit Forfeiture███

30.     On June 24th, 2015, Judge Scannicchio entered two court orders in Domestic Relations Division

case number 2011D07466 in response to Attorney Craig Bizar's Poorly Excuse Cause for not

being prepared to present Attorney Bizar's argument before the court for the hearing of Plaintiff

Petitioner for Order of Protection in contravention to this Court's rules, State of Illinois Supreme Court

Rules, and the State of Illinois compiled statutes; therein, in what appears to be Judge Scannicchio's

misdirected sympathy for Attorney Bizar as a lawyer, Judge Scannicchio granted Attorney Bizar

extended time to prepare for the hearing that was re-scheduled for Attorney Bizar's benefit.

31.     On July 15, 2015, the Honorable Judge Michael T. Mullen entered a court order in Chancery

Division case number 2012CH17891 directing Attorney William B. Kalbec, Esq. of Pierce &

Associates to present an Affidavit to Court pursuant to the State of Illinois Supreme Court Rule

191 in regards to June 17th, 2015 Summary Judgment & subsequent documents' discrepancy date

that conflicted with April 15th, 2015 Scheduling Order On Contested Motion entered by Judge

Mullen in the Chancery Division case number 2012CH17891 that scheduled the preparations for

the hearing date on June 18th, 2015.

32.     On July 27th, 2015, Plaintiff was contacted by phone and through email from Honorable

Judge James P. Flannery & Irwin J. Solganick's Court Clerk, Gina Lencioni, who notified Plaintiff

of the Court's necessity to reschedule the July 31st, 2015 consolidation hearing date to August 20th, 2015,

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

due to Judge Flannery's absence; therefore, Judge Solganick entered a court order to that affect for consolidation hearing for cases 2011D007466 & 2012CH17891.

33.    On August 11th, 2015, Plaintiff-Appellant emailed a significant email to the Chase Bank Consumer Banking Division regarding the inappropriate actions taken by Chase Business Banker Tom Murray of the Elmhurst Road, Mount Prospect, Illinois Chase Bank location and reverberating negative impact inflicted by allowances provided for those that committed Fraud and Theft upon Physmed Direct Chase Business Bank Account in 2011, which has significant lead to this lawsuit against Wells Fargo Bank, N.A., whom was the recipient to the monies stolen from Physmed Direct Chase Business Bank Account.

34.    The morning of August 20th, 2015, Honorable Judge Michael T. Mullen entered a court order in Chancery Division case number 2012CH17891 denying Plaintiff's motion to vacate the Summary Judgment & subsequent documents for June 17th, 2015 discrepancy date and declared that the Summary Judgment was entered on June 18th, 2015.

35.    The afternoon of August 20th, 2015, Honorable Judge James P. Flannery entered a court order in Law Division consolidation hearing proceeding for cases 2011D00746 & 2012CH17891 denying Plaintiff's motion to reconsider Plaintiff's motion to consolidation cases and Attorney Bizar again opposed the consolidation of the cases in order protect himself from the fact that Attorney Bizar allowed (did not oppose) Pierce & Associates attorneys to help his client, Plaintiff's former spouse to violate the case 2011D007466's November 23rd, 2011 court order to pay monthly on the former marital residence's mortgage note.

36.    On September 11th, 2015, Plaintiff met with Honorable Judge Michael T. Mullen's Court Clerks, John & Marcus, who on September 14th, 2015 provided Plaintiff with Judge Mullen's

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

entered court order scheduling Emergency Motion Order for September 17th, 2015 for Plaintiff's

Motion To Dismiss the Judicial Sale Until After Appeal for Plaintiff's Redemption Petition.

37.      On September 17th, 2015, Honorable Judge Michael T. Mullen entered a court order in Chancery

Division case number 2012CH17891 confirming the cancellation of Judicial Sale of the property,

and from Attorney Kalbec's September 4th, 2015 Affidavit pursuant to State of Illinois Supreme

Court Rule 191, Judge Mullen amended the Summary Judgment & subsequent documents court

entered date from June 17th, 2015 to the actual court proceeding date of June 18th, 2015.

38.      Later on September 17th, 2015, Plaintiff filed and was granted Plaintiff's application to proceed

as an Indigent Person for case 2012CH17891 by Honorable Judge Loretta Eadie-Daniels; wherein,

Plaintiff filed a Notice of Appeal and Request for Preparation for case 2012CH17891 and submitted

& filed the said filings to the State of Illinois Appellate Court for the First District as case number

15-2620.

39.      On September 21st, 2015, Judge Scannicchio entered two court orders for Domestic Relations

Division case number 2011D007466; one for Attorney Brian R. Merfeld, Esq.'s appearance on

behalf of Pierce & Associates to fulfill the Plaintiff's Discovery Subpoena requirement for case number

2015M1113266 and the second scheduling a new hearing date due to the death of Plaintiff's Grandfather,

George Steven Galloway of the State of Illinois GEORGE GALLOWAY ENTERPRISES Inc., Plaintiff's

companies' Grandparent corporation.

40.      On October 7th, 2015, Plaintiff-Appellant reported Attorney Craig Bizar, Esq. (of case 15-3420)

& Attorney Tyler Spillman, Esq. to the State of Illinois Supreme Court's Attorney Registration

and Disciplinary Commission (ARDC) for indiscretions committed within court proceedings

from evidentiary actions seen on October 6th, 2015 in the case 2015M1113266 Interference With

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Judicial Procedure Civil Complaint case.

41.     In November & December 2015 and January 2016, the Plaintiff filed motions with the Chancery

Division case 2012CH17891 & a Chancery Division Complaint case 2016CH010414 to have a

"Stay" place on the Foreclosure Auction Sale on the 3VC registered property.

42.     On January 26th, 2016, Konstantinos P. Kapetanakos "Dino" of State Appellant cases 15-1199

and 15-1148 filed bankruptcy in the U.S. Bankruptcy Court located with the Northern District Circuit

Court of Cook County.

43.     On February 24th, 2016, Konstantinos P. Kapetanakos "Dino" of State Appellant cases

15-1199 and 15-1148 negotiated with Attorney Craig Bizar, Esq. (of case 15-3420) along with the listed

Defendant Wells Fargo Bank, N.A., the Lender represented by Attorneys Pierce & Associates, P.C.

n/k/a McCalla Raymer Pierce, LLC; thereby, verifying the Interference With Judicial Procedure.

44.     On February 26th, 2016, the Plaintiff attempted to have the First Municipal District Circuit

Court of Cook County Illinois Chancery Division's Presiding Judge Moshe Jacobius consolidate the

Chancery Division cases 2012CH17891 and 2016CH010414; yet, was denied due to the complications

of the case matter, although Judge Jacobius did voice his intent to address the fraud & contempt upon

the Chancery Division when the Plaintiff properly motioned the issues before Judge Jacobius and

Judge Mullen's courts.

45.     On March 14th, 2016, in the pursuit to prevent the Plaintiff from having Judge Jacobius and

Judge Mullen address the fraud & contempt within the Chancery Division, Judge Scannicchio and

Attorney Craig Bizar, Esq. (of case 15-3420) falsely accused the Plaintiff of direct contempt of court,

wrongfully arrest the Plaintiff and had the Plaintiff unjustly confined to the Cook County Department

of Corrections (Jail) for 90 days without remedy in order utterly destroy the Plaintiff's reputation,

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

corporation, business aspects, and the Plaintiff's pursuit to have a relationship with her sons, Anthony

& Blake Kapetanakos.

46.     As a result of Judge Scannicchio's unjust action against the Plaintiff in favor of entertaining the

racketeered conflicts of interest within her court attributed from Attorney Vickie Pasley, Esq. of Vickie

Pasley & Associates (of case 15-2622), causing the Plaintiff to be incarcerated within the Cook County

of Department of Corrections for 90 days; thereby, causing the State of Illinois Appellate Court days;

thereby, causing the State of Illinois Appellate Court for the First District to inadvertently enter

administrative statements deeming certain case matters closed for failure to prosecute the action,

which was inadvertently assumed because of the Plaintiff's inability to fully communicate with the

said Court.

47.     To add to the actual damages inflicted upon the Plaintiff, while the Plaintiff was incarcerated

within the Cook County of Department of Corrections, the Plaintiff was internally moved unauthorized

(kidnapped) on April 13th and 14th, 2016 from one Division & Unit to another and was sexually

assault as seen by witnesses.

48.     In addition to the being moved unauthorized (kidnapping) and sexual assault committed upon

the Plaintiff, Judge Scannicchio has moved the State of Illinois' State's Attorney to

further prosecute the Plaintiff for a false claimed felony charge that has been supported by the false

testimony from Defendant Attorney Craig Bizar, Esq. of Bizar & Doyle LLC (of case 15-3420);

thereby, adding to the actual damages accounted for by the Plaintiff.

49.     On December 19th, 2016, the State of Illinois Appellate Court for the First District affirmed

Judge Thomas D. Roti's dismissal of the said Third Municipal District Circuit Court of Cook County

Illinois Intentional Tort:  Interference With Judicial Procedure case number 2015L063053 a/k/a

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

15-3419 because the State Courts do not have the authority to regulate financial institutions such as

the Defendant Wells Fargo Bank, N.A. et al.; whereby, in the United States, Federal Agencies and

Federal Courts regulate financial institutions like the Defendant Wells Fargo Bank, N.A. et al.

Federal regulators such as U.S. Securities and Exchange Commission (SEC), Financial Industry

Regulatory Authority (FINRA), Commodity Futures Trading Commission (CFTC), Federal Reserve

System ("Fed"), Federal Deposit Insurance Corporation (FDIC), Office of the Comptroller of the

Currency (OCC), National Credit Union Administration (NCUA), Office of Thrift Supervision

(OTS) (dissolved in 2011), and Consumer Financial Protection Bureau (CFPB); wherein, the Federal

Northern District of Illinois Eastern Division is the appropriate venue to adjudicate the cause of action

ignored by the State of Illinois Appellate Court for the First District Justices, Justice Sheldon A. Harris,

Justice Maureen E. Connors and Justice John B. Simon during their review of the said State Court

Complaint against Wells Fargo Bank, N.A. and Pierce & Associates PC n/k/a McCalla, Raymer,

Pierce, LLC. Therein, the said Justices' review of the said complaint failed to acknowledge the Plaintiff's

rebuttal, defined cause of action being Civil Rights Violations; i.e. Due Process, cited case arguments,

and clarifications. In fact, the said Justices' analysis mainly justified the Judicial Sales Corporation's

pay-off from the Wells Fargo Bank, N.A. pay-out that was paid on July 14th, 2016, which utilized

a Notice of Sale discrepancy date to enrich the Judicial Sales Corporation, which benefits specifically

the State of Illinois Cook County Judiciary Branch, by earmarking the corruptible motivation and intent

behind violating the Plaintiff's Property Rights via the Plaintiff's Due Process and specifically Civil

Rights. In addition to ignoring the details found within the Plaintiff's rebuttal Appeal Brief reply that

addressed the Pierce & Associates, PC n/k/a McCalla, Raymer, Pierce, LLC, the Justices also ignored

within their analysis review the investigations conducted by the U.S. Consumer Financial Protection

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Bureau (CFPB), in what appears to be, the hopes to be supportive of the First Municipal District Circuit Court of Cook County Illinois Domestic Relations Judge Regina A. Scannicchio, who falsely accused the Plaintiff on March 14th, 2016 in retaliation for reporting Judge Scannicchio's illegal March 21st, 2015 court entered order to the Federal & State authorities. The said State of Illinois Appellate Court for the First District Justices discounting the U.S. Federal and State of Illinois' Unfair and / or Deceptive Practices & Acts by overlooking the violations the Plaintiff's due process, while simultaneously disregarding the impractical & illogical economical disadvantage to the State of Illinois' Chancery Division Foreclosure proceedings and procedures, which should have included the Plaintiff's Property Rights' Title Insurance Companies & Homeowners' Insurance Company coverages for the criminal acts & activities committed upon and against the Plaintiff by her former spouse, Konstantinos P. Kapetanakos ("Dino"), which has been thoroughly documented and reported within the courts and to the U.S. Consumer Financial Protection Bureau (CFPB), along with the documented "Conflicts of Interest" committed within the First Municipal District Circuit Court of Cook County Illinois, that the Plaintiff's reported to the U.S. Department of Justice via the U.S. Attorney General Jeff B. Sessions, to the State of Illinois Congressional General Assembly's Speaker of the House Michael J. Madigan, to the State of Illinois Lieutenant Governor Evelyn Sanguinetti, to the U.S. Department of Labor for the intellectual labor exploitation committed upon & against the Plaintiff, along with numerous other State & Federal agencies for the violations committed upon & against the Plaintiff's Civil Rights, Property Rights and Parental Rights; therein, the Plaintiff's defined caused of action and the reason for & behind this Federal Civil Rights complaint. Since the Plaintiff's former spouse, Konstantinos P. Kapetanakos filed for bankruptcy within the U.S. Bankruptcy court, he has forfeited his property rights; whereby, the said insurance coverages would not have a conflict of interest for defending the Plaintiff's Title on the said property against Wells Fargo Bank, N.A. and for the crimes committed upon & against the Plaintiff in reference to the said property.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## V. Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Plaintiff seeks a Declaratory Judgment in favor of the Plaintiff's Civil Rights Complaint for monetary compensatory, punitive and pecuniary damages inflicted by the substantive & procedural due process violations that illustrated & demonstrated consumer and property rights discrimination, adding to the surmounted sum of five hundred thousand dollars ($500,000.00) for the actual damages, interference with business relationships, lost revenue, pain and suffering caused by the Defendants; i.e. Wells Fargo Bank, for failing to report the Plaintiff's former spouse's criminal activity against the Plaintiff's Property Rights, and for Wells Fargo Bank to return my property to my possession.

VI. The plaintiff demands that the case be tried by a jury. ☑ YES ☐ NO

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ___28th___ day of __February__ , 20 _17_

C. Executive Operations Director of State of Illinois Vendetta Velocity Vengeance Corp.
_____

(Signature of plaintiff or plaintiffs)

Vendetta N. CeCe-Jackowiak a/k/a; d/b/a Noel A. Kapetanakos
(Print name)

20160314220, 20161021178, and 20161230193

(I.D. Number)
Cook County Illinois Department of Corrections

| Post Office Box 1410 | 37 East Thacker Street |
|---|---|
| Chicago, Illinois 60690 | Des Plaines, Illinois 60016 |

(Address)
Mailing Address:
Vendetta N. CeCe-Jackowiak
C/O Anthony and Wendeline Galloway
2846 East 43rd Street
Davenport, Iowa 52807

Revised 9/2007
[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## PROFILE INFORMATION FORM

Please fill out and return this form along with any other pleading you wish to submit to the court. It is your responsibility to keep the court advised of your current address in order for you to receive orders from the court. Failure to do so may result in dismissal of your case for want of prosecution. Once the Prisoner Correspondent records this information, this form will be destroyed.

## PLEASE PRINT

1. Name:
   <u>Vendetta</u>      <u>Nagask</u>      <u>CeCe-Jackowiak</u>
   (First)                  (Middle)                (Last)

   List Alias Names, if any: <u>Noel A. Kapetanakos, Noel A. Abu-Sharar and Noel A. Galloway</u>
   ----------------------------------------------------------------------------------------------------------

2. Any Current/Prior
   Prison ID Number(s): <u>Not Applicable</u>

   Name of Prison(s): <u>Not Applicable</u>

3. Jail ID Number(s): <u>20160314220, 20161021178, and 20161230193</u>

   Name of Jail(s): <u>Cook County Illinois Department of Corrections ("CCDOC")</u>

4. Date of Birth: <u>October 19th, 1977</u>

5. <u>Home Address</u> (Do <u>not</u> use P.O. Box) (Not Institution address):

   Street Name and Number: <u>37 East Thacker Street</u>

   City, State and Zip Code: <u>Des Plaines, Illinois 60016</u>

   Vendetta N. CeCe-Jackowiak a/k/a; d/b/a Noel A. Kapetanakos
   C/O Anthony and Wendeline Galloway
   2846 East 43rd Street
   Davenport, Iowa 52807

Reviewed 1/16/14

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## PRISONER CORRESPONDENCE FORM

Please fill out and return this form along with any other pleading you wish to submit to the court. It is your responsibility to keep the court advised of your current address in order for you to receive orders from the court. Failure to do so may result in dismissal of your case for want of prosecution. Once the Prisoner Correspondent records this information, this form will be destroyed.

**PLEASE PRINT**

1.  Name:
    <u>Vendetta</u>   <u>Nagask</u>   <u>CeCe-Jackowiak</u>
    (First)     (Middle)    (Last)

    List Alias Names, if any: <u>Noel A. Kapetanakos, Noel A. Abu-Sharar and Noel A. Galloway</u>

    -------------------------------------------------------------------------------------

2.  Any Current/Prior
    Prison ID Number(s): _____ Not Applicable _____

    Name of Prison(s): _____ Not Applicable _____

3.  Jail ID Number(s): ___ 20160314220, 20161021178, and 20161230193 ___

    Name of Jail(s): ___ Cook County Illinois Department of Corrections ("CCDOC") ___

4.  Date of Birth: _____ October 19th, 1977 _____

5.  Home Address (Do not use P.O. Box) (Not Institution address):

    Street Name and Number: ___ 37 East Thacker Street ___

    City, State and Zip Code: ___ Des Plaines, Illinois 60016 ___

         Vendetta N. CeCe-Jackowiak a/k/a; d/b/a Noel A. Kapetanakos
         C/O Anthony and Wendeline Galloway
         2846 East 43rd Street
         Davenport, Iowa 52807

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

Plaintiff(s) Vendetta N. CeCe-Jackowiak a/k/a;  )
d/b/a Noel A. Kapetanakos of the State of Illinois )
Vendetta Velocity Vengeance Corporation  )
v.  )
)
)
)
Defendant(s) Wells Fargo Bank, N.A. et al.  )
)

Case No: _____

Judge: _____

## MOTION FOR ATTORNEY REPRESENTATION
### (NOTE: Failure to complete all items may result in the denial of this motion.)

1. I, <u>Vendetta CeCe-Jackowiak a/k/a Noel Kapetanakos</u>, declare that I am the (check appropriate box)
   ☑ plaintiff ☐ defendant in this case and that I am unable to afford the services of an attorney. I hereby ask the Court for an attorney to represent me in this case.

2. I declare that I have contacted the following attorneys/organizations seeking representation:
   **(NOTE: This item must be completed.)**

   Administer Justice Organization ; 1750 Grandstand Place, Suite # 15; Elgin, Illinois 60123
   Tel.: (847) 844-1100 ; Toll Free: 1 (877) 778-6006
   Email: Hope@administerjustice.org ; Website: http://administerjustice.org/
   Attention: Marty of Administer Justice Organization

   I have been able to find possible attorneys through Administer Justice Organization ("AJO"), according to Marty of the AJO, as long as the Assigned Judge(s) of the Northern District of Illinois Eastern Division appoints one or them to the said case matter upon receipt of the referred attorney names by approving the Plaintiff's In Forma Pauperis Application And Financial Affidavit and allowing the Plaintiff's Real Estate Tax Transfer Stamps' Chicago Title Insurance Company coverage, the Plaintiff's First American Title Insurance Company coverage and the Plaintiff's State Farm Homeowner's insurance Company coverage to compensate the appointed attorney(s) as a result of the reported criminal activity committed upon the Plaintiff against her property rights for the Plaintiff's property located at 37 Est Thacker Street; Des Plaines, Illinois 60016 with the Property Index No. 09-19-100-038-0000 .

3. I declare that (check all that apply):
(*Now:*)

   ☑ I *am not* currently represented by an attorney requested by the Court in any federal criminal or civil case.

   OR

   ☐ I *am* currently represented by an attorney requested by the Court in a federal criminal or civil case. The case is described on the back of this page.

(*Earlier:*)

   ☐ I *have not* previously been represented by an attorney requested by the Court in any federal criminal or civil case.

   OR

   ☑ I *have* previously been represented by an attorney requested by the Court in a federal criminal or civil case. The case is described on the back of this page.

4. I declare that (check one):
   ☑ I have attached an original Application for Leave to Proceed *In Forma Pauperis* detailing my financial status.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

☐ I have previously filed an Application for Leave to Proceed *In Forma Pauperis* in this case, and it is still true and correct.

☐ I have previously filed an Application for Leave to Proceed *In Forma Pauperis* in this case. However, my financial status has changed and I have attached an Amended Application to Proceed *In Forma Pauperis* to reflect my current financial status.

5. ☑ I declare that my highest level of education is (check one):

   ☐ Grammar school    ☐ Some high school    ☐ High school graduate

   ☐ Some college    ☑ College graduate    ☐ Post-graduate

6. ☐ I declare that my ability to speak, write, and/or read English is limited because English is not my primary language. (Check **only** if applicable.)

7. ☐ I declare that this form and/or other documents in this case were prepared with the help of an attorney from the U.S. District Court *Pro Se* Assistance Program. (Check **only** if applicable.)

8. I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| Vendetta N. CeCe-Jackowiak | 37 East Thacker Street |
| Movant's Signature | Street Address |
| February 28th, 2017 | Des Plaines, Illinois 60016 |
| Date | City, State, Zip |

Other cases in which an attorney requested by this Court has represented me:

| | |
|---|---|
| Case Name: Honorable Chief Judge Ruben Castillo | Case No.: 1:11-cv-08805 |
| Attorney's Name: Attorney Christopher R. Smith, Esq | The case is still pending: Yes ___ No ☑ |
| The appointment was limited to settlement assistance: Yes ☑ No ___ | |
| Case Name: Not Applicable | Case No.: Not Applicable |
| Attorney's Name: Not Applicable | The case is still pending: Yes N.A. No N.A. |
| The appointment was limited to settlement assistance: Yes N.A. No N.A. | |
| Case Name: Not Applicable | Case No.: Not Applicable |
| Attorney's Name: Not Applicable | The case is still pending: Yes N.A. No N,A. |
| The appointment was limited to settlement assistance: Yes N.A. No N,A. | |

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

### IN FORMA PAUPERIS APPLICATION
### AND FINANCIAL AFFIDAVIT

Vendetta N. CeCe-Jackowiak et al. .
Plaintiff

Case Number: _____

v.

Judge: _____

Wells Fargo Bank, N.A. et al. .
Defendant(s).

**Instructions:** Please answer every question. Do not leave any blanks. If the answer is "none" or "not applicable (N/A)," write that response. Wherever a box is included, place a ✔ in whichever box applies. If you need more space to answer a question or to explain your answer, attach an additional page that refers to each such question by number and provide the additional information. Please print or type your answers.

Application: I, Vendetta N. CeCe-Jackowiak , declare that I am the ■ plaintiff
☐ petitioner  ☐ movant  ☐ (other Not Applicable ) in the
above-entitled case. This affidavit constitutes my application to proceed ☐ without full prepayment of fees, or ☐ in support of my motion for appointment of counsel, or ■ both. I declare that I am unable to pay the costs of these proceedings, and I believe that I am entitled to the relief sought in the complaint/petition/motion/appeal. In support of my application, I answer the following questions under penalty of perjury.

1. Are you currently incarcerated?  ■ Yes  ☐ No
   (If "No" go to question 2.)

   ID #: 20161230193  Name of prison or jail: **Cook County Illinois Department of Corrections**
   Do you receive any payment from the institution?  ☐ Yes  ■ No
   Monthly amount: $0.00

2. Are you currently employed?  ■ Yes  ☐ No
   A. If the answer is "*yes,*" state your:
      *Monthly* salary or wages: $0.09 Per Month
      Name and address of employer: State of Illinois Vendetta Velocity Vengeance
      Corporation, P.O. Box 1410 ; Chicago, Illinois 60690-1410
   B. If the answer is "*no,*" state your:
      Beginning and ending dates of last employment: Not Applicable
      *Last monthly* salary or wages:  Not Applicable
      Not Applicable
      Name and address of employer: Not Applicable
      Not Applicable

3. Are you married?  ☐ Yes  ■ No
   If the answer is "yes", is your spouse currently employed?  ☐ Yes  ■ No

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/03/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

*Spouse's Monthly* salary or wages: Not Applicable
           Name and address of employer: Not Applicable
                          Not Applicable

4.    In addition to your income stated above in response to Question 2 (which you should not repeat here), have you or anyone else living at the same residence received more than $200 in the past twelve months from any of the following sources? Place a ✔ next to "Yes" or "No" in each of the categories A through G, check all boxes that apply in each category, and fill in the twelve-month total in each category.

A. ☐ Salary or ☐ wages                      ☐ Yes    ☑ No
    Total received in the last 12 months: Not Applicable
    Received by: Not Applicable

B. ☐ Business, ☐ profession or ☑ other self-employment    ☑ Yes    ☐ No
    Total received in the last 12 months: $1.00
    Received by: Vendetta N. CeCe-Jackowiak

C. ☐ Rental income, ☐ interest or ☐ dividends        ☐ Yes    ☐ No
    Total received in the last 12 months: Not Applicable
    Received by: Not Applicable

D. ☐ Pensions, ☐ social security, ☐ annuities, ☐ life insurance, ☐ disability, ☐ workers' compensation, ☐ alimony or maintenance or ☐ child support    ☐ Yes    ☐ No
    Total received in the last 12 months: Not Applicable
    Received by: Not Applicable

E. ☐ Gifts or ☐ inheritances                ☐ Yes    ☐ No
    Total received in the last 12 months: Not Applicable
    Received by: Not Applicable

F. ☐ Unemployment, ☐ welfare, or ☑ any other public assistance    ☐ Yes    ☐ No
    Total received in the last 12 months: Not Applicable
    Received by: Vendetta N. CeCe-Jackowiak

G. ☐ Any other sources (describe source: Not Applicable ) ☐ Yes    ☐ No
    Total received in the last 12 months: Not Applicable
    Received by: Not Applicable

5.    Do you or anyone else living at the same residence have more than $200 in cash or checking or savings accounts?    ☐ Yes    ☐ No
    Total amount: Not Applicable
    In whose name held: Not Applicable    Relationship to you: Not Applicable

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

6. Do you or anyone else living at the same residence own any
stocks, bonds, securities or other financial instruments? ☐ Yes ■ No
Property: Not Applicable      Current value: Not Applicable
In whose name held: Not Applicable      Relationship to you: Not Applicable

7. Do *you or anyone else living at the same residence* own any real estate (with or without a
mortgage)? Real estate includes, among other things, a house, apartment, condominium,
cooperative, two-flat, etc. ☐ Yes ■ No
Type of property and address:      Not Applicable
Current value: Not Applicable      Equity: Not Applicable      (Equity
is the difference between what the property is worth and the amount you owe on it.)
In whose name held: Not Applicable      Relationship to you: Not Applicable
Amount of monthly mortgage or loan payments:      Not Applicable
Name of person making payments:      Not Applicable

8. Do you or anyone else living at the same residence own any automobiles with a current
market value of more than $1000? ☐ Yes ■ No
Year, make and model:      Not Applicable
Current value: Not Applicable      Equity: Not Applicable      (Equity is
the difference between what the automobile is worth and the amount you owe on it.)
Amount of monthly loan payments: Not Applicable
In whose name held: Not Applicable      Relationship to you: Not Applicable
Name of person making payments: Not Applicable

9. Do *you or anyone else living at the same residence* own any boats, trailers, mobile homes
or other items of personal property with a current market value of more than $1000?
☐ Yes ■ No
Property: Not Applicable
Current value: Not Applicable      Equity: Not Applicable      (Equity
is the difference between what the property is worth and the amount you owe on it.)
Amount of monthly loan payments: Not Applicable
In whose name held: Not Applicable      Relationship to you: Not Applicable
Name of person making payments:      Not Applicable

10. List the persons who live with you who are dependent on you for support. State your
relationship to each person and state whether you are entirely responsible for the person's
support or the specific monthly amount you contribute to his or her support. If none,
check here: ■ None.

| Not Applicable |
| Not Applicable |

11. List the persons who do not live with you who are dependent on you for support. State
your relationship to each person and state how much you contribute monthly to his or her
support. If none, check here: ■ None.

| Not Applicable |
| Not Applicable |

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I declare under penalty of perjury that the above information is true and correct. I understand that 28 U.S.C. § 1915(e)(2)(A) states that the court shall dismiss this case at any time if the court determines that my allegation of poverty is untrue.

Date: February 28th, 2017 _____

                                   Signature of Applicant
                                   Vendetta CeCe-Jackowiak a/k/a;d/b/a Noel Kapetanakos
                                   (Print Name)

---

NOTICE TO PRISONERS: In addition to the Certificate below, a prisoner must also attach a print-out from the institution(s) where he or she has been in custody during the last six months showing all receipts, expenditures and balances in the prisoner's prison or jail trust fund accounts during that period. Because the law requires information as to such accounts covering a full six months before you have filed your lawsuit, you must attach a sheet covering transactions in your own account – prepared by each institution where you have been in custody during that six-month period. As already stated, you must also have the Certificate below completed by an authorized officer at each institution.

CERTIFICATE
(Incarcerated applicants only)
(To be completed by the institution of incarceration)

I certify that the applicant named herein, Vendetta _Cece-Jackowiak_ , I.D.# 2610 21178 , has the sum of $ 0.28¢ on account to his/her credit at (name of institution) Cook County - DQC . I further certify that the applicant has the following securities to his/her credit: N/A . I further certify that during the past six months the applicant's average monthly deposit was $ 75.00 . (Add all deposits from all sources and then divide by number of months).

11-15-16 _____

Date                               C. Vance

                                   Signature of Authorized Officer

                                   C. Vance
                                   (Print Name)

# EXHIBIT 1

Order                                                                    (2/24/05)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
ELECTRONICALLY FILED
1/26/2015 8:30 AM
2011-D-007466
CALENDAR: 62
PAGE 1 of 1
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
DOMESTIC RELATIONS DIVISION
CLERK DOROTHY BROWN

KONSTANTINOS KAPETANAKES

v.

NOEL KAPETANAKES.

No. 2011 D 007466

## ORDER

THE PARTIES PRESENT AND COURT ADVISED IN THE PREMISES.

(1) PETITIONER SHALL CONTINUE TO PAY THE MORTGAGE OF THE MARITAL RESIDENCE 37 E THACKER DR. - DES PLAINES IL EACH AND EVERY MONTH UNTIL FURTHER ORDER OF THE COURT -

(2) PETITIONER SHALL MAKE EVERY EFFORT TO CALL ANTHONY KAPETANAKES ONLY DURING THE MORNING HOURS @ 7:00 AM -- 8:00 AM

(3) Konstantinos, through counsel, has advised Noel that he will not call Anthony during the Thanksgiving weekend while Anthony is in Iowa.

ALL MATTERS CONTINUED TO JANUARY 26, 2012 @ 2:00pm

- MUTUAL ORDERS OF PROTECTION (BOTH PARTIES)

Atty. No.: 38865

Name: FRANK LELE-TA

Atty. for: ~~RESPONDENT~~ RESPONDENT

Address: 53 W. JACKSON # 1435

City/State/Zip: CHGO IL 60604

Telephone: 312 922 0400

ENTERED:

Dated: NOVEMBER 23, 2011

ENTERED
JUDGE LAQUIETTA HARDY-1776

NOV 23 2011

CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge                                    Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Order

(2/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Pg 1 of

Konstantin Kapetanakos

v.

Noel Kapetanakos

No. 11 D 7466

## ORDER

This cause coming on to be heard on the status of the Order of Protection entered on 6/19/02. Noel Kapetanakos appeared & proceeding prose, Petitioner present in his own proper person & via his attorney. The Child Representative present on behalf of the two minor children. Additionally, Petitioner has filed an emergency motion to abate Child support, et.al. & the Child Rep. has filed a Petition for fees, et.al. The Court having heard the report of the Child Representative, having heard arguments from Noel Kapetanakos & counsel for Petitioner, Konstantin Kapetanakos, it is hereby ordered

1). That the status quo shall be maintained. The two minor children shall remain in the possession of Konstantin Kapetanakos & Mr. Konstantin Kapetanakos shall continue to have exclusive possession of the residence located at 37 East Thacker St. Des Plaines, Illinois, until further order here.

2). That the Department of Children & Family Services (DCFS) shall tender to Vickie Pasley, any & all records regarding their investigation, SCR# 2022712-T & any other reports regarding the incident occurring on 6/21/12.

3). That neither party shall proceed w motions without order of court, until the next court date of 8/24/12 @ 11:00 a.m., Rm 3006, Daley Center.

Atty. No.: 13326

Name: V Pasley

Atty. for: Child Representative

Address: 25 E. Washington #908

City/State/Zip: Chicago, Ill 60602

Telephone: 312 929 9574

ENTERED:

Dated:

Judge's No.:

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE Canary: 2. COPY Pink: 3. COPY

Order                                                    (2/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Pg 20 Fi

Konstantin Kapetanakos

v.

Noel Kapetanakos

No. 11 D 7466

**ORDER**

4). That all notices to respondent pursuant to this litigation shall be sent to 2846 E 43rd Street, Davenport, Iowa 52801. 5) That the Child r shall receive any + all police reports regarding the incident occurring on 6/31/12, as well as any supplemental reports, video, surveillance tapes, civil, and the like. 6). That the pending motion reports shall all parties in open court for a mental examination is granted & amended in part, so that both parties shall submit to said examination. Dr. Alexeynish Dr Wolfram, or any other examiner as determined by the Child Represents Both parties shall cooperate with this examination within the next twenty-one (21) days. 7). Respondent shall cease any communications with Wells Fargo, the mortgagor for the former marital residence. 8). The petition for attorneys fees & Emergency Motion to Abate Child Support et al. or continued to August 24 2012, 11:00a.m., Rm. 3006, Daley Center, without further notice. 9) There are separate companion orders regarding ENTERED: the extension of the Child protection & payment of attorneys fees in part. 10). Respondent has received a Discount in the amount of $500.00 dated 6/12 for child support payment maintenance

Atty. No.: 13326

Name: Vlasley

Atty. for: Child Rep

Address: 25 E. Washington #108

City/State/Zip: Chicago, Ill 60602

Telephone: 312-982-9514

**ENTERED**
JUDGE LAQUIETTA HARDY-1776

JUL 10 2012

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY
DEPUTY CLERK

Judge                    JUL 10 2012            Judge's No.

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution - White: 1. ORIGINAL - COURT FILE Canary: 2. COPY Pink: 3. COPY

(2/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Wells Fargo Bank NA

v.

No. 2012 CH 17891

Konstantinos Kapetanakos

(1062)

### ORDER

and plaintiff's motion to amend orders & Judgment

Now Coming before the Court on Konstantinos Kapetanakos's emergency Motion to Stay Judicial Sale of 9/21/15 and Lendetta N. Cece-Jackowiak's Motion to Dismiss, the parties and the Court being duly advised in the premises, IT IS ORDERED THAT:

① Defendant's Emergency Motion to stay sale is withdrawn based on counsel for plaintiff's representations that the 9-21-15 sale was cancelled;

② Plaintiff's Motion for Order amending orders of Default, Summary Judgment, & Judgment of Foreclosure + Sale is advanced to today's date and granted. The Plaintiff's orders for Default, Summary Judgment + Judgment of Foreclosure + Sale are reflected to have the actual date of entry, June 18, 2015, rather than the date stamped (June 17, 2015).

The September 21, 2015 presentment date is stricken.

No.: 48230

: Craig Bizar _____  ENTERED:

or: Konstantinos Kapetanakos

ss: 123 W. Madison, #205 _____ Dated: _____ , ____

ate/Zip: Chicago, IL 60602 _____

 one: (312) 427-3100 _____  Judge _____  Judge's No. ____

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY

(2/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Wells Fargo Bank, N.A.

v.

No. 2012 CH 17891

Konstantinos Kapetanakos, etal

(2 of 2)
### ORDER

③ Defendant Vendetta Nagask Cece-Jackowiak's emergency Motion to Dismiss or Stay Judicial Sale is denied;

④ Plaintiff's oral Motion for Sanctions against Defendant Vendetta Nagask cece-Jackowiak to bar her from filing any further documents other than responses to well plead motions already on record without further leave of court is denied.

⑤ Defendant Vendetta Nagask cece-Jackowiak tendered copies of her file stamped documents labeled "Exhibits, et al" to Plaintiff's Counsel & Defense Counsel & Craig Brzar in open court.

No.: 48230

: Craib Brzar

for: Konstantinos Kepenkos

ss: 123 W. Madison, #005

ate/Zip: Chicago, FC 60602

one: (312) 427-3100

ENTERED:

Judge Michael T. Mullen

Dated:

SEP 17 2015

Circuit Court-2004

Judge                              Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution - White: 1. ORIGINAL - COURT FILE Canary: 2. COPY Pink: 3. COPY

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

WELLS FARGO BANK, NA

    Plaintiff,

      -v.-

                          12 CH 17891
                          37 EAST THACKER STREET
                          DES PLAINES, IL 60016

KONSTANTINOS P KAPETANAKOS, NOEL A
KAPETANAKOS, UNKNOWN OWNERS AND
NON-RECORD CLAIMANTS

    Defendants

## NOTICE OF SALE

    PUBLIC NOTICE IS HEREBY GIVEN that pursuant to a Judgment of Foreclosure and Sale entered in the above cause on June 17, 2015, an agent for The Judicial Sales Corporation, will at 10:30 AM on July 14, 2016, at The Judicial Sales Corporation, One South Wacker Drive - 24th Floor, CHICAGO, IL, 60606, sell at public auction to the highest bidder, as set forth below, the following described real estate:

**THE EAST 1/2 OF LOT 34 IN WESTFIELD GARDENS, BEING A SUBDIVISION OF THE NORTH 1/2 OF THE NORTHWEST FRACTIONAL 1/4 OF SECTION 19, TOWNSHIP 41 NORTH, RANGE 12, ACCORDING TO THE PLAT THEREOF RECORDED DECEMBER 8, 1943 AS DOCUMENT 13190043, IN COOK COUNTY, ILLINOIS.**

    Commonly known as 37 EAST THACKER STREET, DES PLAINES, IL 60016

    Property Index No. 09-19-100-038-0000.

The real estate is improved with a single family home with a detached 2 car garage.

    Sale terms: **25% down of the highest bid by certified funds at the close of the sale payable to The Judicial Sales Corporation. No third party checks will be accepted.** The balance, including the Judicial sale fee for Abandoned Residential Property Municipality Relief Fund, which is calculated on residential real estate at the rate of $1 for each $1,000 or fraction thereof of the amount paid by the purchaser not to exceed $300, in certified funds/or wire transfer, is due within twenty-four (24) hours. No fee shall be paid by the mortgagee acquiring the residential real estate pursuant to its credit bid at the sale or by any mortgagee, judgment creditor, or other lienor acquiring the residential real estate whose rights in and to the residential real estate arose prior to the sale. The subject property is subject to general real estate taxes, special assessments, or special taxes levied against said real estate and is offered for sale without any representation as to quality or quantity of title and without recourse to Plaintiff and in "AS IS" condition. The sale is further subject to confirmation by the court.

    Upon payment in full of the amount bid, the purchaser will receive a Certificate of Sale that will entitle the purchaser to a deed to the real estate after confirmation of the sale.

    The property will **NOT** be open for inspection and plaintiff makes no representation as to the

Notice of Sale

condition of the property. Prospective bidders are admonished to check the court file to verify all information.

If this property is a condominium unit, the purchaser of the unit at the foreclosure sale, other than a mortgagee, shall pay the assessments and the legal fees required by The Condominium Property Act, 765 ILCS 605/9(g)(1) and (g)(4). If this property is a condominium unit which is part of a common interest community, the purchaser of the unit at the foreclosure sale other than a mortgagee shall pay the assessments required by The Condominium Property Act, 765 ILCS 605/18.5(g-1).

**IF YOU ARE THE MORTGAGOR (HOMEOWNER), YOU HAVE THE RIGHT TO REMAIN IN POSSESSION FOR 30 DAYS AFTER ENTRY OF AN ORDER OF POSSESSION, IN ACCORDANCE WITH SECTION 15-1701(C) OF THE ILLINOIS MORTGAGE FORECLOSURE LAW.**

You will need a photo identification issued by a government agency (driver's license, passport, etc.) in order to gain entry into our building and the foreclosure sale room in Cook County and the same identification for sales held at other county venues where The Judicial Sales Corporation conducts foreclosure sales.

For information: Visit our website at service.atty-pierce.com. between the hours of 3 and 5 pm. PIERCE & ASSOCIATES, Plaintiff's Attorneys, One North Dearborn Street Suite 1300, CHICAGO, IL 60602. Tel No. (312) 476-5500. Please refer to file number PA1207124.

THE JUDICIAL SALES CORPORATION
One South Wacker Drive, 24th Floor, Chicago, IL 60606-4650 (312) 236-SALE
You can also visit The Judicial Sales Corporation at www.tjsc.com for a 7 day status report of pending sales.

PIERCE & ASSOCIATES
One North Dearborn Street Suite 1300
CHICAGO, IL 60602
(312) 476-5500

E-Mail: pleadings@pierceservices.com
Attorney File No. PA1207124
Attorney Code. 91220
Case Number: 12 CH 17891
TJSC#: 36-5827

PRST FCM RSR

**THE JUDICIAL SALES CORPORATION**
One South Wacker Drive
24th Floor - Suite C
Chicago, IL 60606-4654

12 CH 17891 36-5827 P.O.M.

NOEL A KAPETANAKOS C/O PHYS MED DIRECT
PO BOX 1410
CHICAGO, IL, 60609

011 DBFLSMP 60690

# THE
# JUDICIAL
## SALES CORPORATION

One South Wacker Drive, 24th Floor | Chicago, IL 60606-4654 | 312.236.SALE (7253) | Fax: 312.236.3383

Definition | Savings | Services | Fees | Schedule | Counties | Contact | About | FAQ

## Sales Schedule

**Red/Bold = Cancelled**

**Upcoming Sales from 7/14/2016 to 10/12/2016**

| County | -All- ▾ |
| City | DES PLAINES ▾ |
| Zip Code | [          ] Find |



| Sale Date | Sale Time | File Number | Case Number | Firm Name | Address | City | County | Zip Code | Opening Bid | Bid Percentage Down | Sale Amount | Continuance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/3/2016 | 10:30 AM | 36-3375 | 13 CH 20695 | SHAPIRO KREISMAN & ASSOCIATES, LLC | 770 SOUTH PEARSON STREET, UNIT 512 | DES PLAINES | Cook | 60016 | | 25% | $0.00 | |
| 7/14/2016 | 10:30 AM | 36-5827 | 12 CH 17891 | PIERCE & ASSOCIATES | 37 EAST THACKER STREET | DES PLAINES | Cook | 60016 | $136,500.00 | 25% | $136,500.00 | |

# EXHIBIT 2

Case No. 15-3419

## IN THE STATE OF ILLINOIS APPELLATE COURT

## FOR THE FIRST DISTRICT

---

**VENDETTA NAGASK CECE-JACKOWIAK**

of the State of Illinois' Vendetta Velocity Vengeance Corporation,

Plaintiff-Appellant

vs.

**WELLS FARGO BANK, N.A.**

and

**PIERCE & ASSOCIATES P.C. n/k/a McCALLA RAYMER PIERCE LLC,**

Defendant-Appellees

---

ON APPEAL AND DISCRETIONARY REVIEW FROM THE THIRD MUNICIPAL
DISTRICT CIRCUIT COURT OF COOK COUNTY

CASE NO. 2015-L-063053

---

REPLY BRIEF ON THE MERITS OF THE DISMISSAL ENTERED BY
THE HONORABLE JUDGE THOMAS D. ROTI OF THE THIRD MUNICIPAL DISTRICT
CIRCUIT COURT OF COOK COUNTY

---

Plaintiff-Appellant,
Vendetta Nagask Cece-Jackowiak a/k/a; d/b/a Noel Alexis Kapetanakos
Of The State of Illinois' Vendetta Velocity Vengeance Corporation (3VC)

Mailing Address:
P.O. Box 1410
Chicago, Illinois 60690
Tel: (224) 600-4144
Email: 3VCorporation66@gmail.com

Dated: September 26th, 2016

# **TABLE OF CONTENTS**

|  | **Page** |
|---|---|
| Table of Contents | 1 |
| Preface | 2 |
| Reply Statement of the Case Facts | 3 |
| Reply Argument | 9 |
| Conclusion | 17 |
| Certificate of Service | 19 |
| Certificate of Compliance with Font Requirement | 19 |

# **TABLE OF CITATIONS**

| **Cases** | **Page** |
|---|---|
| Manor Square, Inc. v. Heartthrob of Kansas City, Inc., 854 S.W.2d 38 (1993) | 7 |
| CitiMortgage, Inc. v. Adams, 2015 IL App (5th) 130470 | 7 |
| Kettler v. Hampton, 365 S.W.2d 518, 523 (Mo. 1963) | 8 |
| State ex rel. Dixon v. Darnold, 939 S.W.2d 66, 69 (S.D. Mo. App. 1997) | 8 |
| Spillyards v. Abboud, et al., 278 Ill. App.3d 663, 668 (1st Dist. 1996) | 10 |
| The People of the State of Illinois v. Terry Hood, 2016 IL 118581 | 10 |
| People v. Weinke, 2016 IL App (1st) 141196 | 10 |
| Markovits v. Markovits, 2 Ill.2d 303 (1954) 118 N.E.2d 255 | 11 |
| Fox v. Seiden, 2016 IL App (1st) 141984 | 11 |
| People v. Coan, 2016 IL App (2d) 151036 | 11 |

1    People v. Cooper, 2015 IL App. (4th) 130325-U      11

2    Rubin & Norris, LLC v. Panzarella, 2016 IL App (1st) 141315      13

3

4    The People v. Miller, 35 Ill. 2d 62 (1966) 219 N.E.2d 475      13

5    Baumgartner v. Baumgartner, 16 Ill. App.2d 286 (Ill. App. Ct. 1958)      14

6

7

8

## STATUTES AND OTHER LEGAL AUTHORITIES

9

                                                            Page

10    Illinois Code of Civil Procedure 735 ILCS 5/2-615      6

11    Illinois Code of Civil Procedure 735 ILCS 5/2-619(a)(3)      6 &13

12

13    Illinois Code of Civil Procedure 735 ILCS 5/15-1508 (b) (i) (c) (ii) (iii) (iv)      6 & 8

14    Illinois Code of Civil Procedure 735 ILCS 5/2-103 (b)      7 & 8

15    Illinois Code of Civil Procedure 735 ILCS 5/2-603(c)      11

16

17    Illinois Code of Civil Procedure 735 ILCS 5/2-612(b)      11

18    Illinois Code of Civil Procedure 735 ILCS 5/2-610      12

19

20

21

22

## PREFACE

23      In this Reply Brief, the Plaintiff-Plaintiff-Appellant **Vendetta N. CèCè-Jackowiak**

24 **a/k/a; d/b/a Noel A. Kapetanakos, Of The State Of Illinois Vendetta Velocity Vengeance**

25 **Corporation and the connected companies** will be referred to as the Plaintiff-Plaintiff-

26 Appellant.

27

28      The Defendant-Defendant-Appellees **Wells Fargo Bank, N.A.,** represented by Mayer

29 Brown LLP and **Pierce & Associates, P.C. n/k/a McCalla Raymer Pierce, LLC** will be

30 referred to as Defendant-Defendant-Appellees.

31

32

THE REPLY TO DEFENDANT-APPELLEE'S APPEAL BRIEF - 2 OF 19

| | | |
|---|---|---|
| **Vendetta N. CêCê-Jackowiak a/k/a; d/b/a Noel A. Kapetanakos, Of The State Of Illinois Vendetta Velocity Vengeance Corporation, Plaintiff-Plaintiff-Appellant** | **Wells Fargo Bank, N.A., represented by Mayer Brown LLP Defendant-Defendant-Appellee** | **Pierce & Associates, P.C. n/k/a McCalla Raymer Pierce, LLC, Defendant-Defendant-Appellee** |



v.





## REPLY STATEMENT OF FACTS

The Plaintiff-Appellant, Vendetta Nagask CêCê-Jackowiak a/k/a; d/b/a Noël Alexis Kapetanakos (Galloway) is entitled to provide additional facts supported by the record, which the said Plaintiff-Appellant believes were omitted by the Pierce & Associates, P.C. n/k/a McCalla Raymer Pierce LLC's attorney, Attorney Brian R. Merfeld, Esq.'s Statement of Facts. However, the right to offer additional facts does not grant the right to convert a statement of facts into an argument. For example, if a party says, "Person A testified at page X of the transcript that A and B were true," that is an objective statement of fact. If the party says, "At page X of the transcript, Person A's testimony proved A and B were true," an argument has been introduced. The latter statement is argumentative because it offers a legal conclusion or an opinion about the value to be given to the evidence. That is not the purpose of this reply to the Defendant-Appellee, Pierce & Associates, P.C. n/k/a McCalla Raymer Pierce LLC's attorney, Attorney Brian R. Merfeld, Esq.'s Appeal Brief, nor the proper function of a statement of facts.

For instance, at page 1-3 of the Defendant-Appellee's Appeal Brief, in Attorney Merfeld's "Statement of Facts," the Defendant-Appellee said:

THE REPLY TO DEFENDANT-APPELLEE'S APPEAL BRIEF - 3 OF 19

On July 14, 2015, Vendetta filed her complaint alleging that Pierce and Wells incited a fraud upon the Court through entry of a judgment of foreclosure without a trial in Cook County Case No. 2012 CH 17891, a case related to a mortgage on the property commonly known as 37 East Thacker Street, Des Plaines, Illinois 60010 (the "Foreclosure Case"). [R. C0006-0101].

Proceedings at the Trial Court Level

Vendetta's complaint alleges summary judgment was improperly granted in the Foreclosure Case. [R. C0006- 0101]. At the time Plaintiff's complaint was filed, the Foreclosure Case was pending and the same parties as are involved in this action. {R. C0006- 0101].

...

On September 10, 2015, Vendetta appeared before the Court on an emergency motion. [R. C0375-0378]. The notice of motion contained inconsistent information to the date and means of service, and motion represents Plaintiff conferred with Pierce, when no such conference occurred. [R. C0375-0376].

On September 11, 2015, at the case management and presentation of Pierce's motion to dismiss, Plaintiff failed to appear. [R. C0391]. Pierce's oral motion to dismiss case for want of prosecution for Plaintiff's failure to appear for the case management was denied and over objection, and a briefing schedule on Pierce's motion to dismiss was entered in Plaintiff's absence. [R. C0391]. Pierce notified the Court of its objection to Vendetta's *ex parte* communications to the Court, the false representation that Vendetta had to appear before Judge Mullen in the Foreclosure Action on September 11, 2015, because Judge Mullen had no court call the afternoon of September 11, 2015. [R. C0391].

THE REPLY TO DEFENDANT-APPELLEE'S APPEAL BRIEF - 4 OF 19

Wells joined in Pierce's motion to dismiss on September 11, 2015. [R. C0391].

Plaintiff filed a response to the motion to dismiss on October 7, 2015. [R. C0397-0719].

Pierce filed a reply in support of its motion on October 30, 2015. [R. C1-29-1059].

Hearing on the motion to dismiss was set for November 20, 2015. [R. C0390]

On November 20, 2015, Judge Martin C. Kelly entered an order which allowed Plaintiff to bring a laptop to the Courtroom on November 20th, 2015. [R. C1060]. The motion to dismiss Plaintiff's complaint was granted by memorandum order signed by Judge Roti on November 20, 2015. [R. C1061 – 1067].

The statements from the Defendant-Appellee's Appeal Brief response, as said and seen above, is not a neutral state of facts, for it has some false statements, exaggerations, and inaccuracies accounted on several points that have been presented by Attorney Merfeld in order to draw a portrayal of the Plaintiff-Appellant in an unflattering light, which illustrates the said Defendant-Appellee's continued argumentative approach to what is supposed to be a neutral activity. Since the Pierce & Associates, P.C. n/k/a McCalla Raymer Pierce LLC's attorney, Attorney Brian R. Merfeld is experienced; than it is logical to assess that Attorney Merfeld is well aware that when a submissible issue is raised on appeal, the appellate court is to disregard all evidence contrary to that offered by the Plaintiff-Appellant.

Within the Defendant-Appellee's "Standard Review", the Defendant-Appellee Attorney Merfeld pivots his focus to use a board stroked description of the Plaintiff-Appellant's presentation by again introducing an argument on perception and viewpoints instead of concentrating on the facts. The Plaintiff-Appellant clearly demonstrated why and how the Appellate Court should contemplate with regards to the Plaintiff-Appellant's complaint. By providing the reasons behind the Plaintiff-Appellant's complaint; and / or the cause of action, the

THE REPLY TO DEFENDANT-APPELLEE'S APPEAL BRIEF - 5 OF 19

1  Plaintiff-Appellant showed how the Trial Court erred. From the Plaintiff-Appellant's Appeal

2
3  Brief, results were established, that described why and how the Plaintiff-Appellant's complaint

4  was dismissed; even though, the Plaintiff-Appellant's complaint fully explained why and how

5
6  the Defendant-Appellees, Wells Fargo Bank, NA and Pierce & Associates, P.C. n/k/a McCalla

7  Raymer Pierce LLC, interfered with judicial procedure by and through their endorsements to the

8  Plaintiff-Appellant's former spouse's criminal activity; e.g. identity theft, fraud, aggravated

9
10  identity, money laundering, impersonation, etc.

11      It is indeed *de novo*, that 735 ILCS 5/2-615 or 735 ILCS 5/2-619(a)(3) of the Illinois

12
13  Code of Civil Procedure when calculating the issue of whether the trial court properly granted a

14  motion to dismiss; yet, by the Defendant-Appellee Attorney Merfeld citing *CNA In'l, Inc. v.*

15  *Baer*, 2012 IL App (1st) 112174, ¶ 29, Attorney Merfeld is discounting the U.S. Federal and State

16
17  of Illinois' Unfair and / or Deceptive Practices & Acts by overlooking the violations the

18  Plaintiff-Appellant's due process, while simultaneously disregarding the impractical & illogical

19
20  economic disadvantage to the State of Illinois' Chancery Division Foreclosure proceedings and

21  procedure when the Defendant-Appellee Wells Fargo Bank, National Association by and through

22  Pierce & Associates, P.C. n/k/a McCalla Raymer Pierce LLC attorney(s) infringed upon the

23
24  Judge Michael T. Mullen of Chancery Division's Foreclosure Summary Judgment, Default

25  Judgment and Final Judgment for case 2012CH17891's automatic stay to negotiate the

26
27  bankruptcy terms for and with the Plaintiff-Appellant's former spouse.

28      The principle fact that the Judicial Sales Corporation sold the Plaintiff-Appellant's Titled

29
30  property located at 37 East Thacker Street; Des Plaines, Illinois 6016 on July 14th, 2016 with a

31  discrepancy dated Notice of Sale, in violation to the Plaintiff-Appellant's due process, the

32  rationale behind the violations to the State of Illinois compiled states 735 ILCS 5/15-1508 (b) (i)

THE REPLY TO DEFENDANT-APPELLEE'S APPEAL BRIEF - 6 OF 19

(c) (ii) (iii) (iv) and 735 ILCS 5/2-103 (b); therefore, the basis set within the Defendant-Appellee's Brief does not offer sufficient evidence to make a submissible case to justify the dismissal of the Plaintiff-Appellant's complaint.

[See *Manor Square, Inc. v. Heartthrob of Kansas City, Inc.*, 854 S.W.2d 38 (1993) and *CitiMortgage, Inc. v. Adams*, 2015 IL App (5th) 130470]

Anything and everything offered by the defense which contradicts the evidence presented by the Plaintiff-Appellant, is irrelevant for the purposes of the submissibility analysis. For Attorney Merfeld appears to have coaxed or manipulated the Court's review of evidence from the fraud, identity theft, aggravated identity theft, and other reported criminal activities to focus on the foreclosure that failed to enforce the November 23rd, 2011 court order entered within the First Municipal District Circuit Court of Cook County Illinois' Domestic Relations Division case 2011D007466 and subsequently file numerous times to the Chicago Division case 2012CH17891. Acting on behalf of his client, Defendant-Appellee Pierce & Associates, P.C. n/k/a McCalla Raymer Pierce LLC and the Defendant-Appellee Wells Fargo Bank, N.A. by ostracizing the facts from the reality of the reported impropriety, which is currently being investigated by federal authorities that regulate financial institutions, Attorney Merfeld has utilized the normally neutral section of the Defendant-Appellee's Appeal Brief response to expand the irregularity of their arguments by making claims, assertions, comments, and conclusions about what the separate Defendant-Appellees' "so called" proved, stated within Attorney Merfeld's unsworn statements of supposed fact. As such, Attorney Merfeld's unverified accounts and dialogue not only can have no value in this appeal but may not be considered by this Court in making its ultimate determination.

THE REPLY TO DEFENDANT-APPELLEE'S APPEAL BRIEF - 7 OF 19

In accordance to *Kettler v. Hampton*, 365 S.W.2d 518, 523 (Mo. 1963), "Unsworn statements of trial attorneys do not prove themselves or constitute evidence. [Citations omitted.]" In an appeal, an attorney's statement cannot be accepted as a substitute for proof in the record, even when the Appellate Court has no reason to disbelieve the statement. The *Kettler* and *Launders* cases are cited only for the principles quoted, for neither of the facts within *Kettler* and *Launders* are relevant to this litigation. [See *Landers v. Smith*, 379 S.W.2d 884, 887 (S.D. Mo. App. 1964)]

In addition, according to the Southern District of Missouri, "unsworn statements of an attorney are not evidence of the facts asserted." As well-known from *State ex rel. Dixon v. Darnold*, 939 S.W.2d 66, 69 (S.D. Mo. App. 1997), "Further, except where facts asserted in a party's brief are conceded to be true by the adversary party, statements in briefs are not evidence and are insufficient to supply essential matters for review [Citation omitted.]"

Exercising her due process right under the Fourteenth Amendment to the Constitution of the United States and Article I Bill of Rights within the State of Illinois Constitution, the Plaintiff-Appellant recognizes her right to be heard in opposition to the Defendant-Appellee, Attorney Merfeld's inadequate Appeal Brief Reply. Due to the false accusations made against the Plaintiff-Appellant by the Accuser, Judge Scannicchio, the George N. Leighton Criminal Court Judge Timothy J. Joyce has entered on July 22nd, 2016 a court order barring the Plaintiff-Appellant from entering the Chicago Richard J. Daley Center in order to prevent the Plaintiff-Appellant from being falsely accused by the Accuser again; yet, Judge Joyce has also prevented the Plaintiff-Appellant from exercising her due process rights pursuant to 735 ILCS 5/15-1508 (b) (i) (c) (ii) (iii) (iv) and 735 ILCS 5/2-103 (b) during the Chancery Division case

THE REPLY TO DEFENDANT-APPELLEE'S APPEAL BRIEF - 8 OF 19

1   2012CH17891's September 19th, 2016 court proceeding, by Judge Joyce preventing the Plaintiff-

2

3   Appellant from attending the said court proceeding.

4       Therein, making the Attorney Merfeld's "Statement of Facts" arguments immaterial for

5

6   the arguments are misappropriated within the incorrect section; thereby, providing the prelude to

7   Attorney Merfeld's labeled arguments as failing to be appropriately and sufficiently submissible.

8

9

10                          **REPLY ARGUMENT**

11      The trial court erred in granting the Defendant-Appellee Pierce & Associates PC n/k/a

12

13  McCalla Raymer Pierce LLC's motion to dismiss on November 20th, 2015 because the Plaintiff-

14  Appellant's complaint did set forth a cause of action from and by the Interference With Judicial

15

16  Procedure, by and through the Defendant-Appellee's refusal to enforce Fair Debt Collection by

17  enforcing the said November 23rd, 2011 court order directing the Plaintiff-Appellant's former

18

19  spouse to pay his mortgage note every month till further order of the court and the unconcealed

20  endorsement of the Plaintiff-Appellant's former spouse's criminal activity committed upon and

21  against the Plaintiff-Appellant, such as identity theft, aggravated theft, fraud, money laundering,

22

23  etc. Furthermore, Attorney Merfeld asserted that the Plaintiff-Appellant and the Defendant-

24  Appellees have another action pending between them; yet, Attorney Merfeld has contended that

25  this action has the same subject-matter, when in fact this action is focused on the criminal actions

26

27  committed within the First Municipal District Circuit Court of Cook County Illinois Chancery

28  Division's Foreclosure Case Matter 2012Ch17891. Therein, Attorney Merfeld has cited the

29

30  dismissal statute 735 ILCS 5/2 615, attacking the legal sufficiency of the Plaintiff-Appellant's

31  complaint pleading.

32

THE REPLY TO DEFENDANT-APPELLEE'S APPEAL BRIEF - **9** OF 19

1  Since the Plaintiff-Appellant's complaint pleading is supported by a preponderance of
2
3  substantial evidence proffered by the Plaintiff-Appellant's affiant claims, there is no legal
4  authority for the trial judge to reject her Interference With Judicial Procedure Complaint via
5
6  Judge Thomas D. Roti's *sua sponte* drafted court judgment order with Judge Roti's confessed
7  conflicts of interest disclosure pursuant to the State of Illinois Code of Judicial Conduct. By
8  citing *Spillyards v. Abboud, et al.*. 278 Ill. App.3d 663, 668 (1st Dist. 1996), Attorney Merfeld's
9
10  argument appears vague, confusing, and misleading, by projecting significant prejudice by and
11  from depriving the Plaintiff-Appellant of her right to go to a jury trial with her theories of
12
13  recovery; yet, instead the Plaintiff-Appellant has been compelled to argue theories that are not
14  supported by substantial evidence.
15  [See reversed judgments for *The People of the State of Illinois v. Terry Hood*, 2016 IL 118581
16
17  and *People v. Weinke*, 2016 IL App (1st) 141196]
18  As a fact-pleading jurisdiction, the State of Illinois is required to sufficiently review the
19
20  Plaintiff-Appellant's cause of action, for the Plaintiff-Appellant's Interference With Judicial
21  Procedure Complaint and Appeal Brief pleadings have set forth the necessary legally recognized
22  cause of action; whereby, the Plaintiff-Appellant had pleaded the facts bringing her claims point
23
24  by point to the said cause. Hence, the trial court erred when it entered the dismissal demand by
25  the Defendant-Appellees, for the pleadings have satisfied the requirement. Especially when one
26
27  reviews "Conflict of Interest in Criminal Cases after Cuyler v. Sullivan: Time to Reconsider the
28  Illinois Approach, 14 J. Marshall L. Rev. 1 (1980)", where conflicts of interest have been a
29  repeated regulatory problem within the State of Illinois, placing defense attorneys, prosecutors,
30
31  plaintiffs, defendants / respondents and trial judges at a loss about how to deal with situations
32  where conflicts of interests have been found.

THE REPLY TO DEFENDANT-APPELLEE'S APPEAL BRIEF - 10 OF 19

[See *Markovits v. Markovits*, 2 Ill.2d 303 (1954) 118 N.E.2d 255 and *Fox v. Seiden*, 2016 IL App (1st) 141984]

As affirmed by Attorney Merfeld:

The State of "Illinois Code of Civil Procedure states in pertinent part, "if the pleadings do not sufficiently define the issues the court may order other pleadings by prepared." 735 ILCS 5/2-612(a) (West 2015). "The question presented by a section 2-615 motion to dismiss is whether the allegations of the complaint, when viewed in a light most favorable to the plaintiff, as sufficient to state a cause of action upon which relief can be granted." *Abbasi ex rel. Abbasi v. Paraskevoulakous*, 187 Ill. 2d 386, 391 (Ill. Sup. 1999)."

Admittedly, Attorney Merfeld claimed, "pleadings are to be liberally construed, pursuant to 735 ILCS 5/2-603(c) and 735 ILCS 5/2-612(b); yet, in Attorney Merfeld, the Defendant-Appellees Wells Fargo Bank, NA attorney(s), Judge Roti (who admitted to having conflicts of interest), and Judge Martin C. Kelley's (who merely presented Judge Roti's *sua sponte* court judgment order that was entered prior to the schedule November 20th, 2015 hearing) opinion, the Plaintiff-Appellant's Interference With Judicial Procedure Complaint did not pass the provisions of the said State of Illinois statues.

[See *People v. Coan*, 2016 IL App (2d) 151036 and *People v. Cooper*, 2015 IL App. (4th) 130325-U]

Attorney Merfeld's opinion about the Plaintiff-Appellant's response to the Defendant-Appellee Pierce & Associates, P.C. n/k/a McCalla Raymer Pierce LLC is moot, and should not hold much weight, for the Plaintiff-Appellant challenges the fact that Court cannot expect Attorney Merfeld to argue differently from the defenses stance to discredit the Plaintiff-

THE REPLY TO DEFENDANT-APPELLEE'S APPEAL BRIEF - 11 OF 19

Appellant direct affiant accounts as a Pro Se litigant, whose due process has been repeatedly violated by and through undeniable criminal activity that Attorney Merfeld has failed to deny pursuant to 735 ILCS 5/2-610 of the State of Illinois Code of Civil Procedure.

Thereby, the Defendant-Appellees have misrepresented themselves to the Trial Court by corruptly covering up and protecting criminal activity; therein, they have illicitly cost the State of Illinois taxpayers significant sums from the wasted taxpayer funds utilized to prosecute and investigate the illegal contributions attributed to non-compliance, to costly judgments and court orders; therein, the Defendant-Appellees have acted in concert to interfere with judicial procedure, which has been consistently explained and seamlessly presented to this Court.

In that, Attorney Merfeld's claim that the Trial Court correctly held the decision that the Plaintiff-Appellant's complaint did not contain a short and plain statement of a cause of action and that no set of facts could were shown for a claim upon which relief could be granted is an indiscretion that is debatable in content and context for there are current investigations being conducted by the U.S. Consumer Financial Protection Bureau and the Office of the Comptroller of Currency from the Plaintiff-Appellant against Wells Fargo Bank, NA. Consequently, the said decision does not supersede the said financial regulating authorities.

Although the Plaintiff-Appellant was denied *voir dire* by and through the Trial Court's confessed conflicts of interest and *sua sponte* dismissal judgment, which exemplifies how the Trial Court abused its discretion by failing to sequester an appropriate remedy. Because the Defendant-Appellees' attorneys argued in concert for their orchestrated "jonquilism" beliefs to supersede the Plaintiff-Appellant's substantially presented evidence, along with their joint assertions that the Plaintiff-Appellant's complaint was not well pled at the Trial Court level,

THE REPLY TO DEFENDANT-APPELLEE'S APPEAL BRIEF - 12 OF 19

Judge Roti ignored the substantial evidence presented and the facts surrounding and in support of the Plaintiff-Appellant's verified reports of court commissioned crimes.

Again, in Attorney Merfeld's efforts to belittle the Plaintiff-Appellant's substantiated argument, Attorney Merfeld made repeated declarations with no reasonable substance, questioning uncorroborated and comparative faults, defects, and coherency verdict opinions about the Plaintiff-Appellant's syntax, written effectiveness and persuasion. As a matter of law, the Defendant-Appellees are joint tortfeasors and the criminal issues presented set-off the pure question of law for the Trial Court to decide whether the Defendant-Appellees Interfered With Judicial Procedure pursuant to 5 ILCS 283/ Public Corruption Forfeiture Act.

Attorney Merfeld's unsubstantiated opinion that the Plaintiff-Appellant's argument is intelligible in opposition to the dismissal at either the Trial Court or at the Appellate Court levels is completely unsupported other than the *sua sponte* judgement entered by Judge Roti, while heard and delivered by Judge Kelley; and therefore, is irrelevant to any issue to be proved in the case to warrant that this Court affirm the demanded dismissal against the Plaintiff-Appellant. [See *Rubin & Norris, LLC v. Panzarella*, 2016 IL App (1st) 141315 and *The People v. Miller*, 35 Ill. 2d 62 (1966) 219 N.E.2d 475]

Attorney Merfeld goes into much detail within his reply brief for Pierce & Associates, P.C. n/k/a McCalla Raymer Pierce LLC about the legalities executed by and from a dismissal pursuant to 735 ILCS 5/2-619(a)(3), where Attorney Merfeld elaborated with the following:

735 ILCS 5/2-619(a)(3) states that a matter may be dismissed when "there is another action pending between the same parties for the same cause." See 735 ILCS 5/2-619(a)(3). Section 2-619(a)(3) is a procedural device designed to avoid "duplicative

THE REPLY TO DEFENDANT-APPELLEE'S APPEAL BRIEF - 13 OF 19

litigation and it should be construed liberally." *Kapoor v. Fujisawa Pharm. Co.,* 298 Ill.

App. 3d 780, 785-86 (1st Dist. 1998).

Wherein the case *Baumgartner v. Baumgartner,* 16 Ill. App.2d 286 (Ill. App. Ct. 1958),

two appeals involving the same parties, but with different issues arising out of an original suit

was resolved with an order that reversed the dismissal of the Defendant's supplemental cross-

complaint and remanded the cause to the Circuit Court of Kane County with directions to

overrule the motion to dismiss the supplemental cross-complaint due to the separate and different

issues.

[See *Baumgartner v. Baumgartner,* 16 Ill. App.2d 286 (Ill. App. Ct. 1958)]

Being that the Defendant-Appellees are represented by experience attorneys, the

Plaintiff-Appellant did not believe it was necessary to explicitly dictate statutes, case law,

examples, and legal reviews with regards to (WRT) the Plaintiff-Appellant's assertions, for the

Plaintiff-Appellant's Interference With Judicial Procedure Complaint emerged from the non-

compliance, financial violations, the Unfair and / or Deceptive Practices and / or Acts that have

stemmed from the First Municipal District Circuit Court of Cook County Illinois Chancery

Division's Foreclosure Case Matter 2012CH17891 because it was the Chancery Division's Judge

Michael T. Mullen, who had originally and initial directed the Plaintiff-Appellant that her

controversies with the said Defendant-Appellees WRT the reported criminal activities had to be

addressed within a separate matter. Therefore, Attorney Merfeld's claim that the Plaintiff-

Appellant's issue is waived on appeal is invalid.

From Attorney Merfeld's stalled position that focused on his arguing point that the

Plaintiff-Appellant should have argued her case in the way that Attorney Merfeld believed to be

best, which claimed that the complaint should not have been dismissed because of a prior action

THE REPLY TO DEFENDANT-APPELLEE'S APPEAL BRIEF - 14 OF 19

between the parties was pending, is a strategic preference esteemed by Attorney Merfeld's techniques and approach; yet, adds little value to strengthen his argument by injecting his perception and / or a false or misleading issue into the minds of this Court. For this Court does not review cases based upon strategies, but upon the rules of evidence and law.

Therein, with argument in opposition to the dismissal pursuant to the Civil Practice Act (Ill. Rev. Stat. 1957, Chap. 110, Sec. 39), this supplemental filing is permitted, allowing the Plaintiff-Appellant's pleadings such as a bilateral cross-complaint in this instant case.

## REPLY TO DEFENDANT-APPELLEE'S REMAINING ARGUMENTS

The Plaintiff-Appellant contends that any issues brought to the State of Illinois Appellate Court for the First District for the first time on appeal that were issues not presented at the Trial Court level is justified by the fact the dismissal was not warranted and the Trial Court denied the Plaintiff-Appellant her due process opportunity to bring the matters to the Trial Court's attention, such as the case with Judge Roti's confessed conflicts of interest as outlined within the State of Illinois Judicial Cannons and the State of Illinois Code of Judicial Conduct.

By setting the standard that a "trial judge is in the best position to determine whether he or she is prejudicial against a litigant", Attorney Merfeld is setting the stage for all judiciaries to act as the judge, jury, and executioner sort of speak, by devising a harpoon of duties and obligations to the judiciaries' position that erodes the very authority that is installed to safeguard against indiscretion and discretional improprieties, the State of Illinois Judicial Inquiry Board (JIB). Additionally, Attorney Merfeld's standard corrodes the judiciary protection from claims of intentional, willful, and / or deliberate conflicts of interest; thereby, violating the federally

THE REPLY TO DEFENDANT-APPELLEE'S APPEAL BRIEF - 15 OF 19

enforced Sarbanes Oxley Act of 2002, leaving no recourse for the judiciaries other than to have them prosecuted when conflicts of interest are uncovered.

Attorney Merfeld states, "Appellants have burden to present this court with a sufficiently complete record on appeal", when in fact the U.S Consumer Financial Protection Bureau (CFPB) and the Office of the Comptroller of Currency is investigating the Defendant-Appellee Wells Fargo Bank, NA; whereby, the Trial Court had no legal latitude to enter a dismissal on an incomplete record, with the ongoing federal investigations. The Trial Court erred by not allowing the Plaintiff-Appellant's complaint to stand while the federal investigations are gathering discovery without the court participation.

For the sole reason behind Attorney Merfeld raising the issue about the incomplete record, was to create the understanding that the Defendant-Appellees improprieties were not completely divulged to the court, for the Plaintiff-Appellant can see no other reason why Attorney Merfeld would bring the Court's attention to the incomplete record, other than to highlight to this Court how the federal investigations outside the court are compiling the evidence around the Defendant-Appellees' greed, where this Court can see that the Defendant-Appellees' listed misconduct caused and initiated the actual federal investigations.

Conceding to the fact that the Plaintiff-Appellant has the burden of proof to properly demonstrate all the improprieties claimed within the Plaintiff-Appellant's Appeal Brief, the Plaintiff-Appellant has provided all of the relevant facts with their corresponding and legitimate basis. Therein, the downstream liability legal principle applies to the Plaintiff-Appellant's complaint pleading and appeal brief pleading because of the causation created by and from the Defendant-Appellees' negligence and non-compliance with the U.S. Constitution and the State of Illinois Constitution. Since Attorney Merfeld has attested that the "Plaintiff has not shown

THE REPLY TO DEFENDANT-APPELLEE'S APPEAL BRIEF - 16 OF 19

that Judge Roti abused his discretion by failing to recuse himself"; yet, Judge Roti's court order as mentioned in the Plaintiff-Appellant's Appeal Brief that claimed such conflicts of interest acts as the said Judge's Affidavit to his claimed conflict. Thus, Attorney Merfeld's lack of identity understanding should not be made a burden upon this Court.

Hindsight, being what it is, Attorney Merfeld has placed his intellect farther by now knowing that court orders entered by judiciaries are in fact judiciary affidavits of events, disclosures, instructions, directions, and / or records of fact, not fiction.

Lastly, Attorney Merfeld's argument that this Court can reverse the dismissal judgment that Judge Roti entered by asserting that Judge Roti should have recused himself; yet, yet if the Court were to affirm the dismissal and reverse by recusing Judge Roti as the judiciary over the Trial Court level, this case matter would appear to be one hand attempting to clap by-it-self. Therefore, it is only logical for the decision to be hand in hand (like the tacit case matters that are also being federally investigated in connection to this case), for one and not the other cannot reasonably go forward for this Court to provide the Plaintiff-Appellant's Declaratory Judgment as her requested result and in part remedy.

Attorney Merfeld may not like it, as mentioned within his reply; yet, the tacit matters are connected to this case for this case matter has stemmed from case 2015L06053 that stemmed from 2012CH17891, which stemmed from 2011D007466.


## CONCLUSION

Therefore, Plaintiff-Appellant seeks a Declaratory Judgment in favor of the Plaintiff-Appellant's Interference With Judicial Procedure Complaint for monetary compensatory & punitive damages in the surmounted sum of two hundred thousand dollars ($200,000.00) for the

## CERTIFICATE OF SERVICE

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this Complaint are true and correct. I will provide service to the person or persons listed below by the following means: Via Email and regular U.S. Mail

As required, a **courtesy copy** will be mailed to the **Honorable Justices** via regular U.S. Mail or Hand Delivery.

TO:

| | |
|---|---|
| **Pierce and Associates n/k/a McCalla Raymer Pierce, LLC** **Attorneys At Law** 1 North Dearborn, Suite 1300 Chicago, Illinois 60602-4321 **Representing Wells Fargo Bank** Tel: (877) 898-7365 | **Mayer Brown LLP** **Attorney Michelle Vicky Dohra, Esq.** **Representing Wells Fargo Bank, N.A.** **71 South Wacker Drive** **Chicago, Illinois 60606** **Tel: (312) 701-7750** |

/S/ Vendetta Cece-Jackowiak f/k/a Noel Kapetanakos *Vendetta Nagask CeCe-Jackowiak*
Plaintiff-Plaintiff-Appellant, Vendetta Nagask Cece-Jackowiak f/k/a; d/b/a Noel Alexis Kapetanakos

Dated this **26th** of **September, 2016**

## CERTIFICATE OF COMPLIANCE

I, the Plaintiff-Plaintiff-Appellant certify that this brief conforms to the requirements of

Rules 341 (a) and (b). The length of this brief, excluding the pages containing the Rules 341(d)

cover, the Rule 341(h)(1) statements of points and authorities, the Rule 341(c) certificate of

compliance, the certificate of service, and those matters to be appended to the brief under Rule

342(a), is 19 pages.

/S/ Vendetta Cece-Jackowiak f/k/a Noel Kapetanakos *Vendetta Nagask CeCe-Jackowiak*
Plaintiff-Plaintiff-Appellant, Vendetta Nagask Cece-Jackowiak f/k/a; d/b/a Noel Alexis Kapetanakos

Dated this **26th** of **September, 2016**

THE REPLY TO DEFENDANT-APPELLEE'S APPEAL BRIEF - 19 OF 19

1  actual damages, pain and suffering that began with the Defendant-Appellee Wells Fargo Bank's

2
3  acceptance of stolen funds from the Plaintiff-Appellant's Chase Bank Business Account in

4  August 2011; whereby, Wells Fargo Bank refused to return the stolen funds to Chase Bank,

5
6  which started the *butterfly effect* of continual criminal actions without remedy or relief to be

7  horrifically inflicted upon the Plaintiff-Appellant.

8  Respectfully Submitted By:

9
10  Vendetta Nagask Cece-Jackowiak a/k/a; d/b/a Noel Alexis Kapetanakos, Plaintiff-Plaintiff-
11  Appellant

12  Executive Operations Director of Vendetta Velocity Vengeance Corporation:
13  Vendetta Velocity and Vendetta Velocity Clothing & Gear
    Physmed Direct: Physicians Medicine Direct Holdings (PMD)
14  Medical Auxiliary Network (MAN)
15  Women's Opportunity Mammary Anatomy Network (WOMAN)
16  P.O. Box 1410
17  Chicago, Illinois 60690
    Tel: (224) 600-4144
18  Email Address: vendettavelocity66@gmail.com
19  https://www.physmeddirect.com
20  https://www.linkedin.com/pub/vendetta-cece-jackowiak/86/b34/248/
    https://www.linkedin.com/in/noelkapetanakos
21  http://www.linkedin.com/pub/physmed-direct/24/602/728
22  http://about.me/PhysmedDirect
    http://about.me/MedicalAuxiliaryNetwork
23  http://about.me/MedicalAuxiliaryNetwork3
24  http://about.me/WomensNetwork
    http://about.me/vendettavelocity
25  http://about.me/vendettavelocityclothingandgear
26  http://about.me/nkapetanakos
27  http://about.me/vantage2apex/#
    http://about.me/mikawaresecuritysoftware
28

29

30

31

32

THE REPLY TO DEFENDANT-APPELLEE'S APPEAL BRIEF - 18 OF 19

# EXHIBIT 3

3/12/2017 Gmail - Seeking An Attorney Referral For Civil Rights Real Estate Violations In Connection To The Family Law & Domestic Relations' Civil Rights Violat...

Case 1:17-cv-02697-1 Document 1-1 Filed 04/03/17 Page 87 of 102 PageID #:87

 **Gmail**

Vendetta Cece-Jackowiak <vcecejackowiak@gmail.com>

---

## Seeking An Attorney Referral For Civil Rights Real Estate Violations In Connection To The Family Law & Domestic Relations' Civil Rights Violations

1 message

---

**Vendetta Cece-Jackowiak** <vcecejackowiak@gmail.com>
To: Vendetta Cece-Jackowiak <vcecejackowiak@gmail.com>

Sun, Mar 12, 2017 at 5:25 PM

---

———— Forwarded message ————
From: **Vendetta Cece-Jackowiak** <vcecejackowiak@gmail.com>
Date: Thu, Mar 9, 2017 at 4:39 PM
Subject: Seeking An Attorney Referral For Civil Rights Real Estate Violations In Connection To The Family Law & Domestic Relations' Civil Rights Violations In The First Municipal District Circuit Court of Cook County Illinois Domestic Relations Division Dissolution of Marriage Case Konstantinos P. Kapetanakos v. Noel A. Kapetanakos n/k/a Vendetta N. CeCe-Jackowiak Case Number 2011D007466 Regarding The Petitioner's Repeated Contempt Committed Against My Parental & Property Rights
To: hope@administerjustice.org
Cc: jeffry@jtmlegal.com, Noel Kapetanakos <noelkapetanakos@gmail.com>, Mikaware Security-Software <mikawaress@gmail.com>

*Vendetta Nagask CeCe-Jackowiak*



MEMORANDUM

**ADMINISTER JUSTICE**
1750 GRANDSTAND PLACE, SUITE # 15
ELGIN, ILLINOIS 60123
TEL.: (847) 844-1100
TOLL FREE: 1 (877) 778-6006
EMAIL: Hope@administerjustice.org
WEBSITE: http://administerjustice.org/
**ATTENTION: MARTY**

RE: SEEKING AN ATTORNEY REFERRAL FOR CIVIL RIGHTS REAL ESTATE VIOLATIONS IN CONNECTION TO THE FAMILY LAW & DOMESTIC RELATIONS' CIVIL RIGHTS VIOLATIONS IN THE FIRST MUNICIPAL DISTRICT CIRCUIT COURT OF COOK COUNTY ILLINOIS DOMESTIC RELATIONS DIVISION DISSOLUTION OF MARRIAGE CASE KONSTANTINOS P. KAPETANAKOS V. NOEL A. KAPETANAKOS N/K/A VENDETTA N. CECE-JACKOWIAK CASE NUMBER 2011D007466 REGARDING THE PETITIONER'S REPEATED CONTEMPT COMMITTED AGAINST MY PARENTAL & PROPERTY RIGHTS

DEAR MARTY OF ADMINISTER JUSTICE:

THANK YOU FOR RETURNING MY VOICEMAIL MESSAGE.

IN ORDER TO HELP THE ADMINISTER JUSTICE DIRECTOR OF LEGAL SERVICES FIND POSSIBLE ATTORNEY REFERRALS FOR MY NAMED SITUATION AND CIRCUMSTANCES, I HAVE ATTACHED AS MANY AS I CAN OF PERTINENT DOCUMENTS THAT CAN HELP ANY REFERRED ATTORNEYS EFFECTIVELY ADDRESS THE SUBJECT-MATTER.

SINCE I AM COVERED BY MY REAL ESTATE TAX TRANSFER TITLE COMPANY, CHICAGO TITLE INSURANCE COMPANY, MY PROPERTY TITLE INSURANCE COMPANY, FIRST AMERICAN TITLE INSURANCE COMPANY, AND MY HOMEOWNERS STATE FARM HOMEOWNERS INSURANCE COMPANY FOR CRIMINAL ACTIVITY SUCH AS FRAUD AND SUCH, WHICH WAS COMMITTED UPON ME WHILE I HAD ATTEMPTED TO EXTEND MY PROPERTY RIGHTS DURING MY FORMER SPOUSE MORTGAGE NOTE FORECLOSURE. I AM SEEKING A REAL ESTATE ATTORNEY TO ADDRESS THE CIVIL RIGHTS, PROPERTY RIGHTS, AND DUE PROCESS VIOLATIONS COMMITTED AGAINST ME OVER MY PROPERTY LOCATED AT 37 EAST THACKER STREET, DES PLAINES, ILLINOIS 60016; WHEREBY, THE SAID ATTORNEY CAN BE COMPENSATED BY MY SAID INSURANCE COVERAGE OWED ME FOR THE PAID COVERAGE THAT I HELPED TO PURCHASE.

I AM CURRENTLY PREPARING MY PRO SE CIVIL RIGHTS COMPLAINT PACKET UNDER TITLE 28 U.S.C. § 1331 AGAINST WELLS FARGO BANK, N.A. FOR THEIR IMPROPRIETY IN CONTRAVENTION TO MY PROPERTY RIGHTS OVER THE SAID PROPERTY. WITHIN THE PRO SE CIVIL RIGHTS COMPLAINT PACKET, I WOULD LIKE TO INCLUDE THE POSSIBLE ATTORNEYS REFERRED AND SUGGESTED BY ADMINISTER JUSTICE TO BE APPOINTED TO THE SAID CASE MATTER, SO THAT THE FEDERAL NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION COURT CAN APPROPRIATELY APPOINT ONE OR MORE OF THE SUGGESTED, REFERRED ATTORNEYS TO ADDRESS THE SAID CASE MATTER WITHIN THE SAID FEDERAL COURT.

PLEASE REVIEW THE ATTACHED EMAIL THREAD, TO GIVE YOU A FULL UNDERSTANDING OF MY CIRCUMSTANCES. BELOW ARE THE DOCUMENTS THAT I BELIEVE ARE SIGNIFICANT FOR YOUR REVIEW BASED UPON EACH SEGMENT OF THE ABOVE SAID SUBJECT-MATTER, WHICH IS ABSOLUTELY NECESSARY TO BE TAKEN TO THE FEDERAL COURT AT THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION FOR CIVIL RIGHTS VIOLATIONS UNDER THE C.R. ACT .

BELOW ARE GOOGLE-DRIVE DOCUMENT LINKS REFERENCING & REGARDING THE FORMER MARITAL REAL ESTATE PROPERTY COMMONLY KNOWN AS: 37 EAST THACKER STREET, DES PLAINES, ILLINOIS 60016 WITH PROPERTY INDEX NO. 09-19-100-038-0000 , WHICH ILLUSTRATES ALL OF THE PERTINENT DOCUMENTS NECESSARY FOR THE SAID MATTER TO BE ADDRESSED.

PDF **March 8th Contract.pdf**

PDF **Kapetanakos - village repairs.pdf**

PDF **69642.PDF**

PDF **69652001.PDF**

PDF **Warranty Deed Illinois Statutory_March 31st, 20...**

**Court Order Entered By Honorable Judge LaQuiett...**

PDF **Honorable Judge LaQuietta Hardy-Campbell's Nove...**

PDF **Judge LaQuietta Hardy-Campbell Court Order Ente...**

**Doc. 1_Federal Case 1.11cv09798_Notice of Remov...**

**Doc. 116-10_Notice and Motion to Remove Kapetan...**

**2nd Part of Notice of Removal Motion to Remove ...**

📄 **1st Part of Notice of Removal Motion to Remove ...**

📄 **1.12-cv-09796_US District Court_Northern Distri...**

📄 **Title Obligator's Motion Request To Grant VV et...**

📕 **FILED_CROSS-APPEAL_Wells Fargo Bank, N.A. v. Ce...**

I MADE NUMEROUS ATTEMPTS TO ADDRESS MY PROPERTY RIGHTS THAT WERE NOT ONLY BEING IGNORED, VIOLATED, AND DISCARDED, I WAS NOT BEING ALLOWED TO EXTEND MY RIGHTS FOR MY PROPERTY THROUGH THE APPROPRIATE DUE PROCESS.

📄 **Cece-Jackowiak f.k.a Kapetanakos v. Kapetanakos...**

📄 **FILED_Cece-Jackowiak v. Kapetanakos_2016CH01044...**

📕 **ENTERED_Wells Fargo Bank, NA v. Kapetanakos et ...**

📕 **NOTICE OF SALE_Wells Fargo Bank, NA v. Konstant...**

📕 **NOTICE OF SALE_Wells Fargo Bank, NA v. Konstant...**

📄 **The Judicial Sales Corporation_July 14th, 2016 ...**

📄 **The Judicial Sales Corporation_January 27th, 20...**

I ATTEMPTED TO EXTEND MY RIGHTS WITHIN THE STATE OF ILLINOIS APPELLATE COURT FOR THE FIRST DISTRICT CASE NUMBER 15-3419; YET, DUE TO INTERFERENCE & ILLEGAL INFLUENCES, IT MAY BE ABSOLUTELY NECESSARY TO EXTEND MY PROPERTY RIGHTS WITHIN THE FEDERAL NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION UNDER CIVIL RIGHTS VIOLATIONS, SINCE MY DUE PROCESS WAS SPECIFICALLY VIOLATED DURING THE COURT PROCEEDINGS' PROCESS. I HAVE MORE TO TELL IN THIS REGARD; YET, I WOULD PREFER TO DISCUSS IT VIA TELEPHONE CONVERSATION OR SKYPE.

📕 **CeCe-Jackowiak v. Wells Fargo Bank, NA and Pier...**

📄 **CeCe-Jackowiak v. Wells Fargo Bank, NA and Pier...**

📕 **Complaint Review_ U.S. CFPB Complaint Case Numb...**

📕 **Gmail - Wells Fargo Bank, NA Conflicts Of Inter...**

MY FORMER SPOUSE FILED FOR BANKRUPTCY; THEREIN, GIVING UP HIS PROPERTY RIGHTS.

📕 **U.S. Bankruptcy_Konstantinos P. Kapetanakos_cas...**

📄 **case 16-02278_Doc 02_Filed 01.26.16_Chapter 7_7...**

3/12/2017  Gmail - Seeking Attorney related For the Property Real Estate Violations in Connection to the Family Law & Domestic Relations Civil Rights Violat…

Case 1:17-cv-02071  Document #: 1  Filed: 01/03/17  Page 90 of 102 PageID #:90

  📄 **case 16-02278_Doc 04_Filed 01.26.16_Chapter 7_7…**

  📄 **case 16-02278_Doc 07_Filed 01.27.16_Chapter 7_7…**

  📄 **case 16-02278_Doc 08_Filed 01.27.16_Chapter 7_7…**

  📄 **case 16-02278_Doc 09_Filed 02.11.16_Chapter 7_7…**

  📄 **case 16-02278_Doc 13_Filed 04.26.16_Chapter 7_7…**

  📄 **case 16-02278_Doc 10_Filed 02.16.16_Chapter 7_7…**

  📄 **case 16-02278_Doc 12_Filed 04.26.16_Chapter 7_7…**

YOU MAY CONTACT THE FOLLOWING IN CONNECTION TO MY PROPERTY RIGHTS.

THE FOLLOWING ATTORNEY IS THE REAL ESTATE ATTORNEY FOR THE PURCHASE AGREEMENT CLOSING FOR THE **PURCHASE OF THE PROPERTY INDEX NO. 09-19-100-038-0000; COMMONLY KNOWN AS 37 EAST THACKER STREET, DES PLAINES, ILLINOIS 60016, FROM THE PURCHASE ON MARCH 31ST, 2010 BY KONSTANTINOS P. KAPETANAKOS AND NOEL A. KAPETANAKOS**

**JOHN N. GALASEK**

**ATTORNEY AT LAW**

7550 WEST BELOMONT AVENUE

CHICAGO, ILLINOIS 60634

TEL.: (773) 889-5800

FAX: (773) 237-9898

THE FOLLOWING ATTORNEY AND TITLE INSURANCE COMPANIES REGARDING THE SAID PROPERTY AND **REGARDING THE U.S. CONSUMER FINANCIAL PROTECTION BUREAU (CFPB) COMPLAINT AGAINST CHICAGO TITLE INSURANC E COMPANY CASE NUMBER 161001-000020 REGARDING PROPERTY 37 EAST THACKER STREET, DES PLAINES, ILLINOIS 60016**

**FIDELITY NATIONAL TITLE GROUP**

2533 NORTH 117TH AVENUE

OMAHA, NEBRASKA 68164

TEL.: (402) 498-7051

EMAIL: kevin.cavino@fnf.com

**ATTENTION PLEASE:  ATTORNEY KEVIN CAVINO, ESQ., ASSOCIATE CLAIMS COUNSEL**

# FIRST AMERICAN TITLE INSURANCE COMPANY

30 NORTH LASALLE DRIVE, #2220

CHICAGO, ILLINOIS 60602

TEL.: (312) 750-6780

STATE OFFICE LOCATION

27775 DIEHL ROAD

WARRENVILLE, ILLINOIS 60555

TOLL FREE: 1 (877) 295-4328

LOCAL: 1 (630) 799-7000

EMAIL: policy.il@firstam.com

recording.il@firstam.com

comments.warrenville.il@firstam.com

WEBSITE: http://www.firstam.com/title/il/


THE FOLLOWING U.S. CONSUMER FINANCIAL PROTECTION BUREAU FOR THE **CASE COMPLAINT NUMBERS 161001-000034 AGAINST STATE FARM HOMEOWNERS INSURANCE COMPANY**

## AND 160906-001085 AGAINST WELLS FARGO BANK


## U.S. BUREAU CONSUMER FINANCIAL PROTECTION

### HEADQUARTERS ADDRESS

1700 G STREET

WASHINGTON, DC 20552

PHONE: (855) 411-CFPB (2372)

TTY/TDD: (855) 729-CFPB (2372)

FAX: (855) 237-2392


MAILING ADDRESS

## CONSUMER FINANCIAL PROTECTION BUREAU

PO BOX 4503

IOWA CITY, IA 52244


AND FOR THE STATE FARM FIRE & CASUALTY COMPANY INSURANCE CLAIM NUMBER: 13-311F-180 - DATE OF LOSS: 4-18-2013 REGARDING MY PROPERTY COMMONLY KNOWN AS 37 EAST THACKER STREET; DES PLAINES, ILLINOIS 60016, WHICH IS LOCATED IN WESTFIELD GARDENS WITHIN MAINE TOWNSHIP. YOU CAN OBTAIN MORE DETAILS FROM THE STATE FARM FIRE & CASUALTY COMPANY INSURANCE ATTORNEYS, SUDEKUM, CASSIDY & SHULRUFF, CHTD.; E.G. ATTORNEY FREDERICK J. SUDEKUM, III, ESQ. AT THE FOLLOWING:

## SUDEKUM, CASSIDY & SHULRUFF, CHTD.

TRIAL LAWYERS

20 NORTH CLARK STREET, SUITE 1400

CHICAGO, ILLINOIS 60606

TELEPHONE: (312) 803-6250

TOLL FREE: 877.SCS.LEGAL

FAX: (312) 803-6260

WEBSITE: www.scslegal.com

ATTENTION PLEASE: **ATTORNEY FREDERICK J. SUDEKUM, III, ESQ.**

DIRECT LINE: (312) 541-3294

DIRECT FAX: (312) 262-3413

EMAIL: fjs@scslegal.com


ANN WITEK, STATE FARM INSURANCE AGENT

701 1/2 DEVON AVENUE

PARK RIDGE, ILLINOIS 60068

TEL.: (847) 692-3260

FAX: (847) 682-3263

EMAIL: ann.witek.l8fr@statefarm.com

WEBSITE: HTTPS://WWW.STATEFARM.COM/AGENT/US/IL/PARK-RIDGE/ANN-WITEK-GK57T1YS000


REFERENCES FOR THE TITLE INSURANCE CLAIMS AND HOMEOWNERS' INSURANCE IN REGARDS TO THIS MATTER AND THE SAID PROPERTY ARE ATTACHED BELOW IN THE GOOGLE-DRIVE DOCUMENT LINKS.

**PDF** **Murray.authcheckdam_10.18.2016.pdf**

**PDF** **Property Claims Learning Center – State Farm®_P...**

**PDF** **Homeowners Insurance – State Farm®_Homeowners I...**

**PDF** **Personal Liability Umbrella Policy – State Farm...**

**PDF** **Identity Restoration Insurance– State Farm®_Pro...**

**PDF** **Home and Property Damage – State Farm®_Home and...**

**PDF** **Homeowners Insurance Claims – State Farm®_Homeo...**

**PDF** **Personal Articles Policy – State Farm®_Addition...**

📄 **First American Title Company_Types of Title Ins...**

📄 **FAT Company_Title Insurance & Settlement Servic...**

📄 **First American Title Company_Homeowners Insuran...**

📄 **First American Title Company_Homeowners Insuran...**

📄 **First American Title Company_Homeowners Insuran...**

📄 **First American Title Company_Owner's Policy_10....**

📄 **First American Title Company_The Two Title Insu...**

📄 **First American Title Company_The Two Title Insu...**

📄 **First American Title Company_Title Insurance an...**

📄 **Chicago Title Insurance Company_Why Do You Need...**

📄 **Chicago Title Insurance Company_9.30.2016.pdf**

📄 **Chicago Title Insurance Company_21 Reasons For ...**

📄 **Chicago Title Insurance Company_Steps In The Ti...**

📄 **Chicago Title Insurance Company_The Preliminary...**

📄 **Chicago Title Insurance Company_The Preliminary...**

REGARDING THE FIRST MUNICIPAL DISTRICT CIRCUIT COURT OF COOK COUNTY ILLINOIS DOMESTIC RELATIONS DIVISION DISSOLUTION OF MARRIAGE CASE **KONSTANTINOS P. KAPETANAKOS V. NOEL A. KAPETANAKOS N/K/A VENDETTA N. CECE-JACKOWIAK CASE NUMBER 2011D007466** FOR A POST DECREE PETITION FOR ALLOCATION FOR PARENTAL RESPONSIBILITIES

PLEASE REVIEW THE ATTACHED GOOGLE-DRIVE PDF DOCUMENT LINKS AND ATTACHMENTS:

📕 **Konstantinos P. Kapetanakos (Dino) v. Noel A. K...**

📄 **Court Order Entered By Honorable Judge LaQuiett...**

SINCE THE EX POST FACTO PRELIMINARY FINAL JUDGMENTS ARE OVER TWO YEARS OLD, AND THE PETITIONER HAS FAILED TO COMPLY WITH THE COURT ORDERS ATTACHED HEREIN, AND I HAVE BEEN DEEMED AN INDIGENT PERSON BY THE COURT;

SEE

📕 **Kapetanakos v. Kapetanakos_2011D007466_Court Or...**

BELOW ARE **PHOTOS OF MY FORMER SPOUSE'S VEHICLE AND LICENSE PLATE NUMBER.** THE U.S. MARINE PERSONNNEL ANASTASIO IS ALSO INVESTIGATING ABOUT A **WHITE VAN VEHICLE** THAT WAS SPOTTED BY SATELLITE AT THE FORMER MARTIAL HOME LOCATED AT 37 EAST THACKER STREET; DES PLAINES, 60016; BY WHICH MY FORMER SPOUSE IS IN FIFTY-THREE (53) COUNTS OF CONTEMPT FOR THE NOVEMBER 23RD, 2011 COURT ORDER ENTERED IN THE SAID DIVORCE CASE.

📄 **Dino P. Kapetanakos_License Plate Number_Toyota...**

📄 **Konstnatinos P. Kapetanakos_License Plate Numbe...**

https://w3.courtlink.lexisnexis.com/cookcounty/Finddock.asp?DocketKey=CABBDAAHEGG0DR

http://12.218.239.52/newsite/GI_NEWS/Calendar2017_Full.pdf

YOU WILL BE ABLE TO LOCATE MY FORMER SPOUSE AT HIS JOB HOPEFULLY, LOCATED AT O'HARE INTERNATIONAL AIRPORT LOCATED AT 10000 W O'HARE AVE, CHICAGO, IL 60666.

https://www.google.com/#q=address+for+o'hare+airport

ATTACHED BELOW ARE THE  EXTRADITION DOCUMENTS SUBMITTED TO THE HELLENIC REPUBLIC NATION STATE OF GREECE'S COURTS, WHICH HAS PERTINENT INFORMATION AND DETAILS ABOUT THE SAID CASE MATTER.

**U.S.A. State of Illinois Vendetta Velocity Veng...**

**U.S.A. State of Illinois Vendetta Velocity Veng...**

**U.S.A. State of Illinois Vendetta Velocity Veng...**

**U.S.A. State of Illinois Vendetta Velocity Veng...**

**Permanent Iowa Order of Protection Judgment Fin...**

**Correspondence Letters From Hellenic Republic M...**

**Cook County Sheriff_Civil Process Service_Konst...**

https://us.linkedin.com/in/**KAY-HALLE**-185435129?TRK=PROF-SAMENAME-NAME

ATTACHED BELOW ARE THE SUBPOENAS BY WHICH MY FORMER SPOUSE AND HIS PARENTS, GREGORY P. KAPETANAKOS & SOPHIA MEIMAROGLOU KAPETANAKOS, PSEUDO-STEP MOTHER, KAY E. HALLE KAPETANAKOS, CRAIG BIZAR, VICKIE L. PASLEY, AND LOU MEZA WERE SERVED BY THE COOK COUNTY SHERIFF'S OFFICE SERVERAL TIME; YET, THEY DID NOT ADHERE TO THE SERVED VALID SUBPOENAS AND THE SUBPOENAS WERE NEVER QUASHED. THIS CAN BE VERIFIED THROUGH THE COURT RECORD FOR THE FIRST MUNICIPAL DISTRICT CIRCUIT COURT OF COOK COUNTY, ILLINOIS CIVIL DIVISION'S VENDETTA CECE-JACKOWIAK V. CRAIG BIZAR & KAY E. HALLE (KAPETANAKOS) CASE NUMBER 2015M113266.

**CeCe-Jackowiak v. Bizar & Halle_Discovery Court...**

**CeCe-Jackowiak v. Bizar & Halle_Discovery Court...**

PLEASE REVIEW THE ATTACHED COURT ORDERS FOR THE NOVEMBER 23, 2011 COURT ORDER, WHERE MY FORMER SPOUSE, KONSTANTINOS P. KAPETANAKOS "DINO", THE PETITIONER FOR THE FIRST MUNICIPAL DISTRICT CIRCUIT COURT OF COOK COUNTY, ILLINOIS' DOMESTIC RELATION DIVISION'S DISSOLUTION OF MARRIAGE CASE KONSTANTINOS P. KAPETANAKOS V. NOEL A. KAPETANAKOS N/K/A VENDETTA CECE-JACKOWIAK CASE NUMBER 2011D00746, HAS COMMIETTED 52 COUNTS OF CONTEMPT:

**ht Court Order Entered By Honorable Judge LaQuiett...**

AND

THE JANUARY 13TH, 2016 COURT ORDER, WHERE MY FORMER SPOUSE, KONSTANTINOS P. KAPETANAKOS "DINO", THE PETITIONER FOR THE FIRST MUNICIPAL DISTRICT CIRCUIT COURT OF COOK COUNTY, ILLINOIS' DOMESTIC RELATION DIVISION'S DISSOLUTION OF MARRIAGE CASE KONSTANTINOS P. KAPETANAKOS V. NOEL A. KAPETANAKOS N/K/A VENDETTA CECE-JACKOWIAK CASE NUMBER 2011D00746, HAS COMMIETTED 30 COUNTS OF CONTEMPT:

**ht Konstantinos P. Kapetanakos (Dino) v. Noel A. K...**

BELOW ARE PICTURES OF MY SONS, ANTHONY GREGORY KAPETANAKOS AND BLAKE LANDON JASPER KAPETANAKOS.

**photo (8).PNG**

**photo (7).PNG**

**photo (5).PNG**

📷 **photo (3).PNG**

📷 **photo (4).PNG**

📷 **photo (12).PNG**

ACCORDING TO RECORDS; MY FORMER SPOUSE'S NINETY (90) COUNTS OF CONTEMPT OF THE ATTACHED JANUARY 13TH, 2016 COURT ORDER ENTERED WITH THE FIRST MUNICIPAL DISTRICT CIRCUIT COURT OF COOK COUNTY ILLINOIS DOMESTIC RELATIONS DIVISION'S DISSOLUTION OF MARRIAGE CASE KONSTANTINOS P. KAPETANAKOS V. NOEL A. KAPETANAKOS N/K/A VENDETTA N. CECE-JACKOWIAK CASE NUMBER 2011D007466 APPEARS TO VIOLATE THE FOLLOWING, ALONG WITH CRIMINAL ALIENATION:

1.

📄 **720 ILCS 5 Illinois General Assembly - Illinois...**

http://www.ilga.gov/legislation/ilcs/fulltext.asp?DocName=072000050K10-5

2.

📄 **750 ILCS 5_ Illinois Marriage and Dissolution o...**

http://www.ilga.gov/legislation/ilcs/ilcs4.asp?ActID=2086&ChapterID=59&SeqStart=8300000&SeqEnd=10000000

3.

📄 **28 U.S Code 1738A-Child Custody Determinations_...**

https://www.law.cornell.edu/uscode/text/28/1738A

4.

📄 **1034_Federal Jurisdiction_1.17.2017.pdf**

https://www.justice.gov/usam/criminal-resource-manual-1034-kidnapping-federal-jurisdiction

5.

📄 **ucapa_final_oct06_Uniform Child Abduction Preve...**

http://www.uniformlaws.org/shared/docs/child_abduction_prevention/ucapa_final_oct06.pdf

MY FORMER SPOUSE, KONSTANTINOS P. KAPETANAKOS A/K/A DINO KAPETANAKOS AND HIS ATTORNEY, ATTORNEY CRAIG BIZAR, ESQ. OF BIZAR DOYLE LLC HAVE PLACED NO EFFORT TO COMPLY WITH THE JANUARY 13TH, 2016 COURT ORDER TO NOTIFY ME WHERE MY SONS, ANTHONY AND BLAKE ARE PRESENTLY RESIDING WITHIN THE COURT ORDERED 24 HOURS AS DESIGNATED BY THE SAID COURT.

DUE TO MY FORMER SPOUSE'S VOLATILE, AGGRESIVE, HOSTILE, BEHHAVIOR, ALONG WITH THREATS OF HARM TO MY SONS IF HE WERE EVER TO BE ACCOSTED OR CORRECTED BY LAW ENFORCEMENT AUTHORITIES, I AM

REQUESTING FOR PRECAUTIONS TO TAKEN FOR THE SAFETY OF ALL. FOR IF MY FORMER SPOUSE SUSPECTS THAT HE WOULD BE FACING ANY CHARGES FOR HIS CRIMINAL ACTIONS, ACTIVITY, AND CONTEMPT, I AM CONCERNED ABOUT HIS AND HIS PARENTS' ADVERSE REACTIONS.

CURRENTLY, THE STATE OF ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES (DCFS) ARE SEEKING TO FIND, LOCATE, AND INVESTIGATE MY FORMER SPOUSE THAT IS IN REPEATED CONTEMPT OF COURT. THE DCFS AGENT NAMED JAN'ES AT (847) 948-6722 SAID HE WOULD CONTACTING ME BACK IN REGARDS TO MY REPORT AGAINST MY FORMER SPOUSE, WHICH IS UNDER THE INTAKE CASE NUMBER: 13354577, THAT WAS ENTERED BY THE HOTLINE AGENT NAMED: STAR, AND CAN BE FOLLOWED UP AT TEL.: (217) 785-4010 AND THE COOK COUNTY CASE RECORDING: (773) 371-6161

I HAVE BEEN IN CONTACT WITH SEVERAL OFFICERS ABOUT THIS SITUATION, SUCH AS:

1. SERGEANT JAMIE PLOMERO OF THE ILLINOIS STATE POLICE DEPARTMENT, TEL: (312) 318-2525:

2. CHICAGO POLICE OFFICER TASO MAVROPOULOS, TEL.: (312) 218-7290

3. THE FORMER LAKE COUNTY POLICE OFFICER DOMINICK IZZO, TEL: (847) 875-0458

4. THE U.S. MARINE PERSONNEL MIKE ANASTASIO, TEL: (203) 823-1921

5. CITY OF ELGIN

ELGIN POLICE DEPARTMENT

151 DOUGLAS AVENUE

ELGIN, ILLINOIS 60004

TEL.: (847) 289-2700

EMAIL: phillos_j@cityofelgin.org

WEBSITE: http://www.cityofelgin.org/index.aspx?nid=148

ATTENTION OFFICER JIM PHILLOS, STAR # 324

6. VILLAGE OF ROSEMONT, ILLINOIS

ROSEMONT, ILLINOIS POLICE DEPARTMENT

9501 DEVON AVENUE

ROSEMONT, ILLINOIS 60018

TEL: (847) 823-1134

EMAIL: DonnellyJ@villageofrosemont.org

KukulkaK@villageofrosemont.org

StephensD@villageofrosemont.org

AICHINGERJ@VILLAGEOFROSEMONT.ORG

ATTENTION: DEPUTY CHIEF OF CONTROL KEVIN KUKULKA STAR # 1403

3/12/2017  Gmail - Seeking An Attorney Referral For Civil Rights Real Estate Violations In Connection To The Family Law & Domestic Relations' Civil Rights Violat…

Case: 1:17-cv-02671 Document #: 1 Filed: 04/03/17 Page 98 of 102 PageID #:98

OFFICER DONNELLY, OFFICER STEPHENS, AND OFFICER AICHINGER

### 7. PALATINE POLICE DEPARTMENT

### 595 NORTH HICKS ROAD

PALATINE, ILLINOIS 60067

TEL: (47) 359-9000

EMAIL: mvargas@palatine.il.us, alocasio@palatine.il.us, bschullman@palatine.il.us, jetchingham@palatine.il.us

### ATTENTION: OFFICER ANDY LOCASIO AND OFFICER JAMES ETCHINGHAM

### 8. ARLINGTON HEIGHTS POLICE DEPARTMENT

200 EAST SIGWALT STREET

ARLINGTON HEIGHTS, ILLINOIS 60005

TEL.: (847) 368-5300

EMAIL: gmourning@vah.com

abaumgartner@vah.com

bmcguire@vah.com

rboyle@vah.com

keby@vah.com

rgausselin@vah.com

nhayer@vah.com

mhernandez@vah.com

rkappelman@vah.com

npecora@vah.com

WEBSITE: http://www.vah.com/departments/police/

ATTENTION: SERGEANT BAUMGARTNER AND OFFICER MCGUIRE

### 9. VILLAGE OF MOUNT PROSPECT ILLINOIS POLICE DEPARTMENT

112 NORTHWEST HIGHWAY

MOUNT PROSPECT, ILLINOIS 60056

TEL: (847) 870-5656

EMAIL: policedepartment@mountprospect.org

crimeprevention@mountprospect.org

recruitment@mountprospect.org

comdevdept@mountprospect.org

tjanowick@mountprospect.org

tgriffin@mountprospect.org

meterno@mountprospect.org

WEBSITE: http://www.mountprospect.org/index.aspx?page=76

ATTENTION:  OFFICER KERRIGAN

# THE BACKDROP STORY TO THE CRIMINAL MATTER BEING HEARD AT THE GEORGE N. LEIGHTON CRIMINAL COURT:

PLEASE REVIEW THE ATTACHED GOOGLE-DRIVE PDF COPIES OF CORRESPONDENCE LETTERS FAXED, EMAILED AND MAILED VIA THE UNITED STATES POSTAL SERVICE (USPS) MAIL TO THE STATE OF ILLINOIS' CONGRESSIONAL GENERAL ASSEMBLY'S SENATE & HOUSE OF REPRESENTATIVES DATED APRIL 13TH, 2015 REGARDING THE EGREGIOUS MARCH 27TH, 2015 COURT ORDER ENTERED BY THE ACCUSER; JUDGE REGINA A. SCANNICCHIO; WHEREBY, ON MARCH 14TH, 2016, JUDGE SCANICCHIO RETALIATED AGAINST ME, VENDETTA CECE-JACKOWIAK FOR REPORTING THE ILLEGAL & INVALID SAID MARCH 27TH, 2015 COURT ORDER TO STATE & FEDERAL AUTHORITIES FOR ITS PROHIBITED DEMANDS, BY UNJUSTLY HAVING ME CONFINED & INCARCERATED WITHIN THE COOK COUNTY DEPARTMENT OF CORRECTIONS, WHERE I WAS ABUSED, MISTREATED, INJURED, AND **LITERALLY ENSLAVED** TO THE STATE OF ILLINOIS FOR LABORIOUS REPORTS OF IMPROPRIETY, TAXPAYER WASTED FUNDS, THEFT, LOSS, AND COST INEFFECTIVENESS.

ht  MAN & WOMAN Correspondence_MEMORANDUM_State of ...

ht  MAN & WOMAN Correspondence_MEMORANDUM_State of ...

ht  ENTERED_March 27th, 2015 court order_entered by...

ht  MAN & WOMAN Correspondence_MEMORANDUM_State of ...

I WILL BE SENDING FOLLOW-UP CORRESPONDENCE LETTERS TO THE STATE OF ILLINOIS CONGRESSIONAL GENERAL ASSEMBLY TO NOTIFY OUR LEGISLATORS OF THE COMPENSATORY, PUNITIVE, AND PECUNIARY DAMAGES INFLICTED UPON & AGAINST ME, VENDETTA CECE-JACKOWIAK, IN RETALIATION FOR REPORTING THE DESCRIBED CORRUPTION TO THE APPROPRIATE STATE & FEDERAL REGULATORS.

PLEASE REVIEW THE ATTACHED EMAIL THREAD TO THE SAID POLICE DEPARTMENTS.

I AM SEEKING A DIVORCE ATTORNEY TO ADDRESS THE ABOVE SAID MATTER WITH REGARDS TO MY VISITATION AND THE REPEATED CONTEMPT COMMITTED WITHIN THE SAID CASE MATTER; BY WHICH, I WOULD NEED A PRO BONO ATTORNEY TO REQUEST FOR A NEW JUDGE TO BE ASSIGNED TO THE SAID CASE FOR CALENDAR 62, DUE TO THE FALSE ACCUSATION MADE AGAINST ME IN RETALIATION FOR REPORTING THE ILLEGAL MARCH 27TH, 2015 COURT ORDER ENTERED BY JUDGE REGINA A. SCANNICCHIO THAT DELIBERATELY VIOLATES THE STATE OF ILLINOIS DOMESTIC VIOLENCE ACT OF 1986, DEMANDS PROHIBITED EX PARTE COMMUNICATIONS, WHICH OBSTRUCTS JUSTICE, ILLEGALLY CENSORS THE PUBLIC RECORD, VIOLATES THE STATE OF ILLINOIS & FEDERAL FREEDOM OF INFORMATION ACT STATUTES & CODES,AND VIOLATES MY CIVIL RIGHTS.

AS A RESULT OF THE FALSE ACCUSATION CLAIMED & MADE BY THE CURRENT PRESIDING JUDGE REGINA A. SCANNICCHIO OVER SAID DOMESTIC RELATIONS DIVISION CASE NUMBER 2011DO07466REGINA A.

SCANNICCHIO WITHIN THE CRIMINAL MATTER 16CR5266.


MY CONCERNS SURROUNDING BEING FALSELY ACCUSED BY THE ACCUSER, JUDGE REGINA A. SCANNICCHIO, WHOM RETALIATED AGAINST ME FOR REPORTING THE ATTACHED GOOGLE-DRIVE PDF COPY OF THE MARCH 27TH, 2015 COURT ORDER TO THE CHICAGO FEDERAL BUREAU OF INVESTIGATIONS, THE FORMER U.S. SENATOR MARK KIRK'S OFFICE, THE STATE OF ILLINOIS JUDICIAL INQUIRY BOARD, THE FEDERAL COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION, THE STATE OF ILLINOIS APPELLATE COURT FOR THE FIRST DISTRICT, TO THE CONGRESSIONAL GENERAL ASSEMBLY WITHIN SPRINGFIELD ILLINOIS, AND TO HER LAW SCHOOL DEAN AT JOHN MARSHAL, IS THE FACT THAT THE SAID ACCUSER HAS CONTINUED TO FALSELY ACCUSE ME. THE FBI AND MARK KIRK'S OFFICE PERSONNEL CONFIRMED THAT THE SAID COURT ORDER IS ILLEGAL.


ON SEPTEMBER 10TH, 2016, THE SAID ACCUSER WENT TO THE CHICAGO POLICING AUTHORITIES TO FALSELY ACCUSE ME OF BEING OUTSIDE HER HOME RESIDENCE ATTEMPTING TO GET IN THROUGH HER FRONT DOOR [BY WHICH I DON'T KNOW WHERE SHE LIVES AND DON'T CARE TO KNOW] , WHEN IN FACT I WAS IN ANOTHER STATE AT THE TIME THAT I WAS FALSELY ACCUSED, WITHIN THE STATE OF IOWA, ALONG WITH THE FACT THAT DURING THE ACCUSATION IN SEPTEMBER, THE HIGHWAY 88 CONSTRUCTION PROJECT HAD MADE TRAVELING TO CHICAGO FROM IOWA A NEARLY 4.5 TO 5 HOURS DRIVE ONE-WAY, NOT TO MENTION I DO NOT OWN A VEHICLE TO DRIVE 10 HOURS TO & FROM CHICAGO IN ONE DAY TO MEET WITH THE SECOND OPINION PHYSICIAN, DR. KIRK WITHERSPOON, PHD THAT SAME AFTERNOON, ALONG WITH BEING ON VIDEO CAMERAS WHILE SHOPPING WITH MY MOTHER & SISTER AT ROSS: DRESS FOR LESS & HOBBY LOBBY, ALONG WITH FILMING MY VIDEO BLOGS, ALONG WITH HAVING FUNDS FOR THE TOLLS ON HIGHWAY 88, AND PLUS, I AM SEEN ON SURVEILLANCE VIDEOS ENTERING AND LEAVING MY PARENTS HOME WITH MY MOTHER & SISTER.


ht ENTERED_March 27th, 2015 court order_entered by...


I AM PRAYING FOR YOUR SUPPORT AGAINST SUCH A GREAT INJUSTICE AND ABUSE OF POWER THAT MALIGNS THE THIRTEENTH (13TH) AMENDMENT OF THE U.S. CONSTITUTION, THAT DELIBERATELY VIOLATES THE STATE OF ILLINOIS DOMESTIC VIOLENCE ACT OF 1986, DEMANDS PROHIBITED EX PARTE COMMUNICATIONS, WHICH OBSTRUCTS JUSTICE, ILLEGALLY CENSORS THE PUBLIC RECORD, VIOLATES THE STATE OF ILLINOIS & FEDERAL FREEDOM OF INFORMATION ACT STATUTES & CODES,AND VIOLATES MY CIVIL RIGHTS CAUSING ME TO BE UNJUSTLY CONFINED & INCARCERATED WITH THE COOK COUNTY DEPARTMENT OF CORRECTIONS TWICE.


JUDGE REGINA SCANNICCHIO REFUSED TO APPOINT ME AN ATTORNEY TWICE FOR BOTH THE MARCH 27TH, 2015 CONTEMPT HEARING & COURT ORDER AND AFTER FALSELY ACCUSING ME ON MARCH 14TH, 2016 DURING THE HEARING THAT TURNED INTO A CONTEMPT HEARING & COURT ORDER AFTER I NOTIFIED JUDGE SCANNICCHIO; THE ACCUSER THAT I HAD TO NOTIFY THE AUTHORITIES ABOUT HER MARCH 27TH, 2015 COURT ORDER BECAUSE OF ITS ILLEGAL CONTENT.


SADLY, JUDGE SCANNICCHIO KNEW THAT I AM AN INDIGENT PERSON PURSUANT TO THE COOK COUNTY ILLINOIS CIRCUIT COURT RULE 13.8 B.


http://www.cookcountycourt.org/Manage/RulesoftheCourt/ReadRule/tabid/73/ArticleId/47/13-8-Contempt-Proceedings.aspx


ht Cook County Circuit Court Rule13.8 B Contempt P...


ht Kapetanakos v. Kapetanakos_2011D007466_Court Or...

YOUR SUPPORT & REPRESENTATION IS MUCH NEEDED & APPRECIATED. MY SENIOR CITIZEN PARENTS HAVE HAD TO HIRE ME A PRIVATE ATTORNEY, WHICH IS A STRUGGLE FOR THEM TO AFFORD; YET, THEY ARE BOTH EXTREMELY UPSET AT HOW I HAVE BEEN MISTREATED, SO THEY HIRED:

**ATTORNEY JEFFREY MANDELL, ESQ.**

29 SOUTH LASALLE STREET, SUITE 415

CHICAGO, ILLINOIS 60603-1545

TEL: (312) 782-3589

CELL: (312) 320-5933

WEBSITE: http://www.jtmlegal.com/

**CHICAGO OFFICE | CRIMINAL LAWYER**
333 W WACKER DRIVE. SUITE 450
CHICAGO, IL 60606
PHONE: 312.883.1750
EMAIL: jeffry@jtmlegal.com

MY SENIOR CITIZEN PARENTS HAVE BEEN MARRIED FOR NEARLY 50 YEARS AND ARE HORRIFIED BY THE COURTS' ABUSE OF AUTHORITY IN VIOLATION TO MY CIVIL RIGHTS.

MEANTIME, I CONTINUE TO PRAY ABOUT MY STRUGGLES WITH HOMELESSNESS AND MY SONS, ANTHONY GREGORY KAPETANAKOS , WHO IS 12 YEARS OLD AND BLAKE LANDON JASPER KAPETANAKOS, WHO IS 5 YEARS OLD. MY FORMER SPOUSE, KONSTANTINOS P. KAPETANAKOS "DINO" HAS CONTINUED TO ABUSE ME BY PREVENTING ME FROM SEEING MY SONS SINCE DECEMBER 2013. MY FORMER SPOUSE ALSO CONTINUES TO COMMIT CRIMES AGAINST & UPON ME AS LISTED IN NUMEROUS COURT CASES

PLEASE REVIEW THE EMAIL THREAD SHOWN BELOW, WHICH ILLUSTRATES THE CONTINUED ABUSE VIA INTERFERENCE AND VIOLATIONS TO MY PREVIOUSLY FEDERALLY ENFORCED PERMANENT IOWA TEMPORARY ORDER OF PROTECTION:

http://www.ilga.gov/legislation/ilcs/fulltext.asp?DocName=072000050K10-5.5

ht **Illinois General Assembly - Illinois Compiled S...**

RECENTLY IN THE PAST TWO WEEKS I HAVE SUBMITTED CORRESPONDENCE LETTERS TO THE STATE OF ILLINOIS CONGRESSIONAL GENERAL ASSEMBLY SPEAKER OF THE HOUSE, MICHAEL MADIGAN, CCED COPIES TO THE NUMEROUS STATE & FEDERAL AGENCIES, SUBMITTED A LETTER TO THE U.S. DEPARTMENT OF LABOR FOR OSHA AND WHISTLEBLOWER PROTECTION PROGRAM, ALONG WITH A CORRESPONDENCE LETTER TO THE U.S. DEPARTMENT OF JUSTICE'S U.S. GENERAL ATTORNEY JEFF B. SESSIONS.

I WILL SCAN THOSE COMMUNICATIONS TO BE EMAILED TO YOU AS WELL.

Case: 1:17-cv-02671 Document #: 1 Filed: 04/03/17 Page 102 of 102 PageID #:102

IF YOU HAVE ANY QUESTIONS, COMMENTS AND / OR NEED FURTHER INFORMATION PLEASE LET ME KNOW.


PLEASE NOTE, I HAVE ATTACHED ATTORNEY JEFFRY MANDELL, ESQ. TO THIS EMAIL COMMUNICATION.


THANK YOU FOR YOUR TIME, ATTENTION AND CONSIDERATION.


YOUR PROMPT RESPONSE IS APPRECIATED.

COOPERATION IS DEFINED BY WHO WE ARE TOGETHER.

–
TRULY AS I AM,
VENDETTA CECE-JACKOWIAK
P.O. BOX 1410
CHICAGO, ILLINOIS 60690
TEL.: (224) 600-4144

NOTICE: THIS EMAIL (INCLUDING ATTACHMENTS) IS COVERED BY THE ELECTRONIC COMMUNICATIONS PRIVACY ACT, 18 U.S.C. §§ 2510-2521, IS CONFIDENTIAL AND MAY BE LEGALLY PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY RETENTION, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. PLEASE REPLY TO THE SENDER THAT YOU HAVE RECEIVED THE MESSAGE IN ERROR, THEN DELETE IT.